■ KEY BANK OF NEW YORK, Respondent-Appellant, v MOR-RIS DIAMOND, Appellant-Respondent, et al., Defendants. [631 NYS2d 261] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly limited plaintiff's recovery to $43,533.07 plus interest on that amount because plaintiff failed to move to increase its ad damnum clause *(see, Reid v Weir-Metro Ambulance Serv.,* 191 AD2d 309, 309-310; *17 E. 80th Realty Corp. v 68th Assocs.,* 173 AD2d 245, 249; *cf., Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18, 23, *rearg denied* 55 NY2d 801). We have examined the arguments raised by defendant Morris Diamond and conclude that they lack merit. (Appeals from Judgment of Supreme Court, Erie County, Flaherty, J.—Damages.) Present—Pine, J. P., Fallon, Wesley, Doerr and Davis, JJ.

■ In the Matter of WILLIAM H. ZACHER, Appellant, v ASSES-SOR OF THE TOWN OF HAMBURG et al., Respondents. [631 NYS2d 262] —Order unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court properly concluded that petitioner sustained his burden of overcoming the validity of the assessment, and properly used an income approach to value the property. The court failed, however, to set forth the essential facts upon which it relied in arriving at its determination of the fair value of the property during the tax years in question *(see, Matter of Four Seasons Fitness & Racquet Club v Assessor of Town of Amherst,* 212 AD2d 1025). Consequently, the order must be reversed and the matter remitted to Supreme Court to comply with Real Property Tax Law § 720 (2). (Appeal from Order of Supreme Court, Erie County, Joslin, J.—Tax Certiorari.) Present—Pine, J. P., Fallon, Wesley, Doerr and Davis, JJ.