■ In the Matter of South Slope Holding Corp. et al., Respondents, v Board of Assessment Review of Town of Jerusalem et al., Appellants. (Appeal No. 1.) [678 NYS2d 839] —Upon remittitur from the Court of Appeals, order and judgment unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: When these appeals were initially before us, this Court held that petitioners failed to meet their burden of proffering substantial evidence to rebut the presumption of validity of the tax assessments (*Matter of South Slope Holding Corp. v Board of Assessment Review*, 244 AD2d 891). The Court of Appeals reversed, held that petitioners met their burden of production sufficient to rebut the presumption of validity and remitted the matters to this Court for consideration of issues not reached in our prior decision (*Matter of South Slope Holding Corp. v Board of Assessment Review*, 92 NY2d 179).

One of those issues is whether Supreme Court erred in accepting petitioners' proposed assessment ratios of 65% for 1989 and 55% for 1990. In August 1990 a demand to admit an assessment ratio of 52.85% was served by petitioners' prior counsel on counsel for respondents pursuant to RPTL 716 (1); it was denied. Thereafter, a court-approved settlement was reached, but that settlement was vacated by an order that we affirmed (*Friends of Keuka Lake v DeMay*, 206 AD2d 850). The

cases were restored to the calendar and, on January 3, 1995, a second demand was served by petitioners' present counsel, who was unaware of the first demand. The second demand sought an admission that the assessment ratio was 65% in 1989 and 55% in 1990. Respondents ignored the second demand, but did not advise petitioners' counsel of the existence of the first demand or move to strike the second demand.

At the beginning of trial, petitioners' counsel asked the court to accept petitioners' assessment ratios pursuant to the January 1995 demand as "deemed admitted" inasmuch as respondents had not denied them (RPTL 716 [1]). Counsel for respondents opposed the request and for the first time asserted that respondents had properly treated the second demand as a nullity and had no obligation either to notify petitioners' counsel of their intention or to move for an order striking the second demand. Petitioners' counsel responded that there was an issue whether the response to the first demand was timely and argued that respondents were obligated either to advise him of their intent to treat the second demand as a nullity or to move for an order striking the second demand. The court accepted petitioners' ratios as contained in the second demand and thus neither party submitted proof at trial with respect to that issue.

Subdivision (1) of RPTL 716 provides that "the petitioner may serve upon the respondent a demand for admission * * * that the percentage of full value at which other real property is assessed in the unit is a percentage specified in such demand * * * Unless the respondent within fifteen days after service of such demand * * * serves and files a notice specifically denying that the percentage specified in such demand is correct, such percentage shall be deemed admitted." The Court of Appeals has determined that the statute authorizes "but one demand as of right" and that "[t]he taxpayer could not serve a subsequent demand without prior application addressed to the discretion of Special Term for leave to do so" (*Matter of Gridley Bldg. v Gingold,* 11 NY2d 1029, 1031). Here, the court erred in accepting the assessment ratios set forth in petitioners' second demand because petitioners were entitled to "but one demand as of right" (*Matter of Gridley Bldg. v Gingold, supra,* at 1031).

As a result of the court's erroneous acceptance of petitioners' assessment ratio at the beginning of the trial, petitioners failed to offer proof on that issue. Without such proof, we are unable to determine the proper assessments. Thus, we remit the matter to Supreme Court to determine the assessment ratios, taking proof on the issue, if necessary.

We note that, while there is no explicit statutory requirement for respondents to notify petitioners that they were rejecting the second demand as a nullity or to move for a protective order against the demand, either of those actions would have alerted petitioners and the court to the problem, which could have been handled without the further delay now required in this already protracted matter. Support for our view that notice is preferable is found in analogous provisions of the CPLR. For example, CPLR 3022, which addresses the remedy for defective verification, permits a party served with a defectively verified pleading to treat the pleading as a nullity, "provided he gives notice with due diligence to the attorney of the adverse party that he elects so to do." The effect is to avoid confusion and to permit the adverse party to correct the verification so the court can utilize its resources "to service genuine disputes" in a system where there is no room for "verification jousting" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3022:1, at 310). Similarly, CPLR 3123, which provides for the device known as the notice to admit, authorizes a party to serve on the adverse party a request that the party admit a fact set forth therein. A pretrial motion for a protective order is available to test the reasonableness of the requests made in the notice, which permits the court "to act earlier" to resolve the issue before trial (id., CPLR C3123:7, at 716).

We further remit the matter to Supreme Court to comply with the requirements of RPTL 720 (2) that the "decision or final order of the court finding the value of the property and the proper assessment thereof shall contain the essential facts found upon which the ultimate" findings of fact are made. Here, the brief decision fails to set forth the "essential facts found" or the "ultimate" findings of fact as required by RPTL 720 (2) but merely concludes that petitioners' appraisal report was correct except for a 33% discount for "carrying costs and holding". There is no discussion, analysis or weighing by the court of the comparable sales utilized by the appraisers or of the conflicting proof with respect to the alleged "blight" or "stigma" factor. Findings of fact are required. (Appeal from Order and Judgment of Supreme Court, Yates County, Bender, J.—Tax Certiorari.) Present—Pine, J. P., Lawton, Wisner and Callahan, JJ.