■ In the Matter of CCB ASSOCIATES, Appellant, v DOMINIC L. PENALE, JR., as Assessor of City of Niagara Falls, et al., Respondents. In the Matter of FRANK A. AMENDOLA, Appellant, v DOMINIC L. PENALE, JR., as Assessor of City of Niagara Falls et al., Respondents. [698 NYS2d 382] —Order and judgment unanimously modified on the law and facts and as modified affirmed with costs to petitioners in accordance with the following Memorandum: Petitioners, CCB Associates (CCB) and Frank A. Amendola, appeal from an order and judgment that granted the petition challenging the tax assessment for the year 1995 on the six-story Niagara Office Building in the City

of Niagara Falls, formerly known as the Carborundum Center, and reduced the tax assessment for that year from $4,200,000 to $2,400,000, and dismissed the petition challenging the tax assessment of $2,400,000 on that same property for the year 1996.

Supreme Court initially stated in a memorandum decision that petitioners failed to meet their burden of overcoming the presumption of validity of the assessments. The court in a supplemental decision found that the assessed value for 1995 should be reduced to $2,400,00 in accordance with the valuation by the City's appraiser.

Petitioners met their initial burden by coming forward with substantial evidence demonstrating the existence of a valid and credible dispute regarding valuation (*see, Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 187-188). Thus, the court was required to "weigh the entire record, including evidence of claimed deficiencies in the assessment[s], to determine whether petitioner[s] [had] established by a preponderance of the evidence that [their] property has been overvalued" (*Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, supra*, at 188). In reviewing proceedings of this nature, our Court is empowered to make new findings of value "where it appears that the trial court ' "has failed to give to conflicting evidence the relative weight which it should have" ' " (*Matter of Rice v Srogi*, 70 AD2d 764, 765, quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 61).

Petitioners presented evidence establishing that the building's major tenant had vacated the premises in 1994, leaving a vacancy rate of over 50%. The former major tenant bought out their lease pursuant to a lease cancellation agreement. Petitioners also presented evidence of their unsuccessful attempts to sell the building, including evidence of underground environmental contamination that caused one potential buyer to cancel a contract to purchase the premises.

Petitioners' appraiser, utilizing the income capitalization method and the sales comparison method, valued the building at $550,000 as of January 1, 1995, and $800,000 as of January 1, 1996. The appraiser for respondent City of Niagara Falls (City) utilized the cost method, the sales comparison method and income capitalization method, to arrive at a value of $2,400,000 for each of the years 1995 and 1996. With regard to the income capitalization method, the City's appraiser used a 35% vacancy factor, a benchmark vacancy for the area, rather than the actual building vacancy of 58%. He also assumed that the 30,000 feet of space on the second floor, which formerly

housed the Carborundum Museum and was vacant and without windows, walls or finished ceilings, was rentable space. In addition, he assumed that the property was free of environmental contamination for purposes of his valuation because the contamination was not discovered until after the taxable status dates. The court essentially adopted the valuation of the City's appraiser.

We conclude that the income capitalization method is the best one to value this property. We find that the vacant second floor of the building is unrentable in its present condition. We accept respondent's appraiser's valuation with certain adjustments. Using the income capitalization method, but making appropriate adjustment for the vacant second floor, we make the following computations to determine value for the year 1995. The potential gross income of the leased area is $591,863 and the potential gross income of the vacant area, not including the vacant second floor, is $589,415, for a total potential gross income of $1,181,278. It is appropriate to use the 35% vacancy factor, which is the benchmark vacancy figure for Niagara Falls. Deducting vacancy and collection costs at 35% ($413,447), the effective gross income is $767,831. After deducting total expenses in the amount of $466,607, the net operating income is $301,224. Using the income capitalization method the net operating income divided by an overall rate of 0.1686% yields a value of $1,786,619. Deducting tenant alterations/retrofit in the amount of $425,896 and leasing commissions in the amount of $13,585, we conclude that the value of the property for the year 1995 is $1,347,138.

Using the income capitalization method and making similar adjustments for the year 1996, we conclude that the potential gross leased area income is $613,157 and the vacant area income, excluding the vacant second floor, is $588,380, for a total potential gross income of $1,201,537. Deducting vacancy and collections costs at 35%, the effective gross income is $783,112. Deducting total expenses in the amount of $504,615 leaves a potential net operating income of $278,497. That figure divided by an overall rate of .1651% yields a value of $1,686,838. Deducting tenant alterations/retrofit in the amount of $425,896 and leasing commissions in the amount of $13,855, we conclude that the value of the property for the year 1996 is $1,247,087. Therefore, the order and judgment must be modified accordingly. (Appeal from Order and Judgment of Supreme Court, Niagara County, Fahey, J.—RPTL.) Present—Denman, P. J., Pine, Hayes, Hurlbutt and Callahan, JJ.