■ In the Matter of Boyce-Canandaigua, Inc., Formerly Known as Boyce Lakeshore Development Corp., Respondent-Appellant, v Mark Brown, as Assessor of City of Canandaigua, Appellant-Respondent. [738 NYS2d 904] —Order and judgment unanimously modified on the law and facts and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Respondent appeals and petitioner cross-appeals from an order and judgment that confirmed the report of the Referee in these consolidated tax assessment review proceedings. Supreme Court granted the petitions and determined the assessed values for three separate parcels of real property owned by petitioner at 100 Lakeshore Drive, 158 Lakeshore Drive and 190 Lakeshore Drive in the City of Canandaigua for tax years 1994/1995, 1995/1996, 1996/1997 and 1997/1998.

Contrary to respondent's contention, petitioner met its initial burden "by coming forward with substantial evidence demonstrating the existence of a valid and credible dispute regarding valuation" (*Matter of CCB Assocs. v Penale,* 266 AD2d 805, 806, *lv dismissed in part and denied in part* 95 NY2d 788, *rearg denied* 95 NY2d 887; *see also, Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack,* 92 NY2d 179, 187; *Matter of Niagara Mohawk Power Corp. v City of Cohoes Bd. of Assessors,* 280 AD2d 724, 725-726, *lv denied* 96 NY2d 719). Additionally, with respect to 100 and 190 Lakeshore Drive, the appraisals submitted by respondent constituted admissions against interest that the assessments were excessive to the extent they exceeded those appraisals (*see, Matter of South Slope Holding Corp. v Comstock,* 280 AD2d 883, 885).

Upon our review of the record, we conclude that the court properly confirmed the report of the Referee with respect to 158 Lakeshore Drive. The value determined by the Referee was within the range of expert testimony and should not be disturbed (*see, Woolworth Co. v Srogi,* 92 AD2d 736, 737). The court also properly confirmed the report of the Referee with respect to 190 Lakeshore Drive. Petitioner's contention that the Referee improperly included a 1.25 acre wetland buffer is raised for the first time on appeal and is not properly before us (*see, Ciesinski v Town of Aurora,* 202 AD2d 984, 985).

We conclude, however, that the court erred in confirming the report of the Referee with respect to 100 Lakeshore Drive. We agree with petitioner that the Referee erred in estimating the value of the motel on the property at $336,000 for the tax year

1994/1995, although we disagree with petitioner that the property on which the motel was located should have been valued as vacant land for that tax year. Although the motel was unprofitable, it nevertheless constituted an improvement. Thus, in the exercise of our fact-finding power (*see, Matter of CCB Assocs. v Penale, supra,* at 806), we modify the order and judgment by finding that the motel had a value of $175,000 for the tax year 1994/1995 and by reducing the valuation of that parcel for tax year 1994/1995 to $820,400. We remit the matter to Supreme Court to determine the amount of costs and disbursements to which petitioner is entitled (*see,* RPTL 722 [1]). We reject petitioner's further contention that sanctions under 22 NYCRR 130-1.1 are appropriate in this case. (Appeals from Order and Judgment of Supreme Court, Ontario County, Harvey, J.—RPTL.) Present—Pigott, Jr., P. J., Green, Pine, Hayes and Hurlbutt, JJ. [*Amended* 294 AD2d — (May 3, 2002).]