■ In the Matter of BIALYSTOCK & BLOOM, Respondent, v HOWARD L. GLEASON, JR., as Assessor of the Town of Stuyvesant, Appellant. [736 NYS2d 127] —Spain, J. Appeal from a judgment of the Supreme Court (Fromer, J.H.O.), entered January 31, 2001 in Columbia County, which granted petitioner's application, in a proceeding pursuant to RPTL article 7, to reduce the tax assessment of petitioner's real property.

Petitioner is the owner of a single-family residence on a 4.48-acre parcel located along State Route 9J in the Town of Stuyvesant, Columbia County. The house is a brick colonial—Circa 1803—with a view of the Hudson River and the distant Catskill Mountains. The property was assessed by respondent to have a fair market value of $900,000 for the 1999 and 2000 tax years.

On July 27, 1999, petitioner commenced this proceeding to review the real property assessment for the 1999 tax year. At the beginning of the trial, the parties stipulated that Supreme Court's findings would apply to both the 1999 and 2000 tax years, and the appraisal reports of the respective parties were admitted into evidence without objection. Petitioner's expert testified that he prepared his appraisal report using the comparable sales method to determine the fair market value of the property and that it was his expert opinion that the property had a fair market value of $680,000 for the tax years in question. Respondent's appraiser testified that in his expert

opinion, the subject property had a fair market value of $850,000, conceding that the $900,000 tax assessment exceeded the fair market value of the property. During the course of the trial, respondent moved to strike the appraisal report of petitioner's expert and his testimony on the ground that his appraisal report did not comply with the level of detail required by 22 NYCRR 202.59 (g) (2). Supreme Court denied the motion.

After trial, Supreme Court issued its decision adhering to its original ruling rejecting respondent's objection to petitioner's appraisal report and granting the petition, stating that the comparable sales used by respondent's expert were "remote and required extensive adjustments." The court found that the property had a fair market value of $680,000 for the 1999 and 2000 tax years. Respondent now appeals and we affirm.

Respondent's assertion that petitioner's appraisal report is insufficient is without merit. Under 22 NYCRR 202.59 (g) (2), appraisal reports in tax assessment review proceedings must contain a statement of the method of appraisal relied on and the appraiser's conclusions as to the property's value, along with facts, figures and calculations by which the conclusion was reached. This regulation further provides that "[i]f sales, leases or other transactions involving comparable properties are to be relied on, they shall be set forth with sufficient particularity as to permit the transaction to be readily identified" (22 NYCRR 202.59 [g] [2]). "A major reason for the rule requiring the disclosure of facts and source materials at the appraisal stage is to allow opposing counsel the opportunity to effectively prepare for cross-examination * * *" (*Matter of Gullo v Semon*, 265 AD2d 656, 657 [citation omitted]).

Here, Supreme Court properly found that petitioner's appraisal report contained sufficient facts, figures and calculations regarding the comparable sales method to permit respondent to prepare for the cross-examination of petitioner's expert. Indeed, petitioner's appraisal report specified the method of appraisal being used, the specific comparable sales transactions being utilized, and the dollar value adjustments being made for each of the adjustment criteria. Specifically, petitioner's appraisal report includes factors which affect marketability, i.e., the location, sale price and date of sale of each of the comparable sale properties, and the specific dollar value adjustments for such things as location, acreage, view, gross living area, room count, heating and cooling systems, garage, porch and patio, swimming pool and guest house. Moreover, petitioner's expert testified that he had performed complete inspections of each of the comparable sale properties used in

his report within the previous two years. In contrast, respondent's expert conceded on cross-examination that he had not recently performed on-site appraisals of any of the comparable properties contained in his report.

Respondent's contention that it was difficult to identify the properties because no deed book or page number was listed in petitioner's appraisal report is not persuasive, as two of the three comparable sale properties cited in petitioner's report were also used by respondent's expert. Also, the third comparable sale referenced in petitioner's appraisal report is located directly adjacent to the subject property and respondent's expert conceded that he was aware of this property and had considered using it in his report.

Contrary to respondent's interpretation of 22 NYCRR 202.59 (g) (2), petitioner was not required to provide a detailed narrative in its appraisal explaining each of the adjustments made in the report. Clearly, petitioner's appraisal report contained sufficient details necessary to examine the comparable sales used in its conclusions and provided respondent with ample information supporting those conclusions. Accordingly, Supreme Court properly denied respondent's motion to strike petitioner's appraisal report.

Next, we reject respondent's contention that Supreme Court's judgment should be reversed because petitioner failed to present substantial evidence to overcome the presumed validity of the assessment. " '[I]t is well settled that there is a presumption of validity of an assessment by the taxing authority and the burden is imposed on petitioner to show by substantial evidence that the assessments are excessive' " (*Matter of General Motors Corp. Cent. Foundry Div. v Assessor of Town of Massena*, 146 AD2d 851, 853, *lv denied* 74 NY2d 604, quoting *Matter of Adirondack Mtn. Reserve v Board of Assessors*, 99 AD2d 600, 601, *affd* 64 NY2d 727). However, "[w]hen the taxpayer meets this burden and presents sufficient evidence to make out a prima facie case that the assessment is erroneous, the presumption of validity disappears and may not be considered in weighing the evidence" (*Matter of General Motors Corp. Cent. Foundry Div. v Assessor of Town of Massena, supra*, at 853). Significantly, in situations where both parties' experts are of the opinion that the market value of the subject property is below the challenged tax assessment, the presumption of validity is overcome (*see, Farash v Smith*, 59 NY2d 952, 955).

Here, both parties' appraisers agreed that respondent's tax assessment of the subject property was excessive, thereby overcoming the presumption of validity of the assessment.

Moreover, the valuation adopted by Supreme Court was derived from the comparable sales data presented at the hearing. In finding the fair market value of the subject property to be $680,000 for the 1999 and 2000 tax years, Supreme Court properly conducted an analysis of the comparable sales submitted by both parties, considered the persuasiveness of such comparable sales and weighed the evidence in favor of the valuation of petitioner's expert.

In making its determination, Supreme Court found petitioner's use of an adjoining property as a comparable to be more persuasive than any used by respondent's expert due to its similarity, proximity, and the common "positives" and "negatives" it shared with subject property. As petitioner's evidence indicated, the adjoining property was located on the same busy roadway, had essentially an identical view of the Hudson River, was of similar acreage and square footage, had an in-ground pool, had an equivalent number of fireplaces and porches, and was the same age as the subject property. In contrast, Supreme Court found that most of the comparables used by respondent were "remote and required extensive adjustments," thereby diminishing their evidentiary value. As petitioner points out, a review of respondent's appraisal report indicates that of the five comparable properties utilized for the valuation, four were located 10 miles or more from the subject property, four had total acreage amounts that far exceeded that of petitioner's property—ranging between 22 and 129.27 acres—and only one shared a view of the Hudson River. Supreme Court's conclusion with respect to the fair market value of the subject property is amply supported in the record.

Cardona, P.J., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.