■ In the Matter of ARSENAL HOUSING ASSOCIATES, Appellant, v CITY ASSESSOR OF CITY OF WATERTOWN et al.,

Respondents. (Proceeding No. 1.) In the Matter of ARSENAL HOUSING ASSOCIATES, Appellant, v CITY ASSESSOR OF CITY OF WATERTOWN et al., Respondents. (Proceeding No. 2.) [747 NYS2d 814] —Appeals from an order and judgment (one document) of Supreme Court, Jefferson County (Gilbert, J.), entered April 11, 2001, which dismissed the tax assessment review petitions.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously modified on the law by granting the petition challenging the assessment for the 1997 tax year and reducing the assessment for that tax year to $11,815,000 and as modified the order and judgment is affirmed without costs.

Memorandum: By submitting the appraisal of an experienced appraiser who utilized an accepted method of valuation, petitioner met its "minimal" initial burden of overcoming the presumption that the assessments for the 1996 and 1997 tax years are valid (*Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack,* 92 NY2d 179, 191; *see also Matter of Boyce-Canandaigua, Inc. v Brown,* 289 AD2d 971). We conclude, however, that petitioner failed to meet its burden of establishing by a preponderance of the evidence that the assessment for the 1996 tax year was excessive, and thus Supreme Court properly dismissed the petition challenging the assessment for the 1996 tax year. Petitioner's appraisal for that tax year utilized hypothetical rather than actual income and expenses and thus was properly rejected by the court (*see generally 41 Kew Gardens Rd. Assoc. v Tyburski,* 70 NY2d 325, 330-331).

We further conclude that the court erred in dismissing the petition challenging the assessment for the 1997 tax year. The court was required to consider the entire record and should have determined that respondents' appraisal, "received in evidence, constituted [an] admission[ ] against interest by respondents that the assessment[ ] [was] excessive to the extent that [it] exceeded [that] appraisal[ ]" (*Matter of South Slope Holding Corp. v Comstock,* 280 AD2d 883, 885; *see also Matter of Boyce-Canandaigua, Inc.,* 289 AD2d at 971). Thus, we modify the order and judgment by granting the petition challenging the assessment for the 1997 tax year and reducing the assessment for that tax year to $11,815,000. Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Kehoe and Lawton, JJ.