# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**617**

**CA 11-02181**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF TOM THOMAS AND THOMAS
ESTATES WEST, PETITIONERS-APPELLANTS,

V                                              MEMORANDUM AND ORDER

CYNTHIA L. BOHEEN DAVIS, ASSESSOR, AND BOARD
OF ASSESSMENT REVIEW OF TOWN OF CLARENDON,
ORLEANS COUNTY, RESPONDENTS-RESPONDENTS.

---

JACOBSON LAW FIRM, P.C., PITTSFORD (ROBERT L. JACOBSON OF COUNSEL),
FOR PETITIONERS-APPELLANTS.

BENNETT, DIFILIPPO & KURTZHALTS, LLP, EAST AURORA (JOEL R. KURTZHALTS
OF COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Orleans County (James P. Punch, A.J.), entered January 25, 2011 in a proceeding pursuant to RPTL article 7. The order denied the petitions.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting in part the petitions challenging the assessments for the 2005-2006, 2006-2007 and 2007-2008 tax years by reducing the assessment on tax parcel number 99-1-16.1 for those tax years to $12,350,000, $12,390,000 and $12,510,000, respectively, and reducing the assessments on tax parcel number 99-2-39.21 for those tax years to $2,745,000, $3,615,000 and $4,095,000, respectively, and as modified the order is affirmed without costs.

Memorandum: Petitioners, Tom Thomas and the company by which he runs his mobile home park, commenced this RPTL article 7 proceeding seeking review of the real property tax assessments for the mobile home park, which is situated on two contiguous parcels of real property, for the tax years 2005-2006, 2006-2007 and 2007-2008. Contrary to petitioners' contentions, Supreme Court properly concluded that they failed to meet their burden of establishing by a preponderance of the evidence that the assessments were excessive. "Our analysis begins with the recognition that a property valuation by the tax assessor is presumptively valid . . . and thus 'obviates any necessity, on the part of the assessors, of going forward with proof of the correctness of their valuation' . . . However, when a petitioner challenging the assessment comes forward with 'substantial evidence' to the contrary, the presumption disappears" (*Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 187; *see Matter of Carriage House Motor Inn v City of Watertown*, 136 AD2d 895, 895-

896, *affd* 72 NY2d 990).  "In the context of tax assessment cases, the 'substantial evidence' standard merely requires that petitioner demonstrate the existence of a valid and credible dispute regarding valuation" (*FMC Corp.*, 92 NY2d at 188; *see Matter of East Med. Ctr., L.P. v Assessor of Town of Manlius*, 16 AD3d 1119, 1120).  "Once this initial burden has been met, the reviewing court 'must weigh the entire record, including evidence of claimed deficiencies in the assessment, to determine whether [the] petitioner has established by a preponderance of the evidence that its property has been overvalued' " (*Matter of United Parcel Serv. v Assessor of Town of Colonie*, 42 AD3d 835, 837, quoting *FMC Corp.*, 92 NY2d at 188).

Initially, we note that petitioners' contention that Supreme Court was required to reject respondents' appraisal is of no moment. The court unequivocally stated that it did not consider that appraisal because petitioners failed to establish that the assessment was excessive.  Inasmuch as the court did not rely upon respondents' appraisal, its validity is not before us except insofar as it operates as a party admission, as discussed herein.

Petitioners' further contention, that the court erred by, in effect, striking their appraisal, is without merit.  The court did not strike petitioners' appraisal.  Indeed, the court reached the second step of the *FMC Corp.* analysis by concluding that petitioners failed to establish by a preponderance of the evidence that the assessment was excessive, which is a step that the court correctly concluded it could take "[o]nce a petitioner meets it burden of overcoming the presumption of validity."  Inasmuch as petitioners' appraisal is the only evidence upon which the court could have relied in concluding that petitioners met their initial burden, the court implicitly concluded that the appraisal was sufficient to "demonstrate the existence of a valid and credible dispute regarding valuation" (*FMC Corp.*, 92 NY2d at 188).

Petitioners' further contention that they established by a preponderance of the evidence that the assessments at issue were excessive is without merit.  Petitioners relied upon a single appraisal encompassing all of the challenged tax years.  Petitioners' expert submitted an appraisal report that used two methods of calculating the value of the subject parcels, the income and market approaches, but he affixed a different value to each parcel than would be reached by either method.  In his report and at trial, he failed to explain how he reconciled those values to arrive at the final value that he placed on the subject parcels.  Consequently, "[t]he trial court properly determined that the submission of an appraisal without ascertainable or verifiable data supporting the appraiser's conclusions of value constituted a violation of 22 NYCRR 202.59 (g) (2), which provides, in pertinent part, that:  '[t]he appraisal reports shall contain a statement of the method of appraisal relied on and the conclusions as to value reached by the expert, together with the facts, figures and calculations by which the conclusions were reached' " (*Matter of Orange & Rockland Utils. v Williams*, 187 AD2d 595, 596).  Thus, the court properly refused to rely upon petitioners' "appraisal report on the ground that it consistently made 'conclusions

without supporting calculations, rendering it impossible . . . to analyze' the report" (*Matter of John P. Burke Apts. v Swan*, 137 AD2d 321, 325).

Furthermore, when testifying regarding the report, petitioners' expert repeatedly indicated that he assigned a value to individual units within the two parcels that was hundreds or thousands of dollars lower than the price for which those units had been sold during the period in question. Although several methods of valuing real property are acceptable, "the market value method of valuation is preferred as the most reliable measure of a property's full value for assessment purposes" (*Matter of General Elec. Co. v Town of Salina*, 69 NY2d 730, 731), because "[t]he best evidence of value, of course, is a recent sale of the subject property between a seller under no compulsion to sell and a buyer under no compulsion to buy" (*Matter of Allied Corp. v Town of Camillus*, 80 NY2d 351, 356, *rearg denied* 81 NY2d 784). Here, the court properly refused to credit that valuation because the expert repeatedly and consistently valued individual units on the subject properties at amounts that were less than willing buyers had paid to sellers under no compulsion to sell. Indeed, we note that many of the units were sold by petitioners themselves, and we conclude therefrom that the failure of petitioners' expert to use those sale prices as evidence of value demonstrates the invalidity of the expert's conclusions.

We conclude, however, that the court erred in dismissing the petitions. Notwithstanding petitioners' failure to meet their ultimate burden, "the court was required to consider the entire record and that respondents' appraisals, received in evidence, constituted admissions against interest by respondents that the assessments were excessive to the extent that they exceeded those appraisals, despite the fact that the supporting data was rejected by the court" (*Matter of South Slope Holding Corp. v Comstock*, 280 AD2d 883, 885; *see Matter of Arsenal Hous. Assoc. v City Assessor of City of Watertown*, 298 AD2d 830, 831; *Matter of Boyce-Canandaigua, Inc*. *v Brown*, 289 AD2d 971, 971, *rearg granted on other grounds* 294 AD2d 960). Inasmuch as respondents' assessments exceeded the appraisals for each of the tax years at issue, we modify the order accordingly.

Entered:  June 8, 2012                          Frances E. Cafarell
                                                Clerk of the Court