Peradotto and Garni, JJ.
We respectfully dissent because, in our view, the conclusion of petitioner’s appraiser with respect to his capitalization rate is legally and factually flawed, and each flaw is independently fatal to petitioner’s case. We thus conclude that petitioner failed to meet its ultimate burden of establishing that the subject property is overvalued, and we would therefore adopt the value set forth in respondents’ trial appraisal and modify the order accordingly (see Matter of Thomas v Davis, 96 AD3d 1412, 1414 [2012]).
The legal flaw underlying the capitalization rate analysis of petitioner’s appraiser is that he relied on his “personal exposure” to at least three of the four comparable properties to justify the financial figures that he used to calculate his capitalization rate. Although we agree with the majority that “opinion evidence of appraisers is competent evidence of [a capitalization] rate” (Matter of Greater N.Y. Sav. Bank v Commissioner of Fin., 15 AD3d 661, 661 [2005]; see Matter of Addis Co. v Srogi, 79 AD2d 856, 857 [1980], lv denied 53 NY2d 603 [1981]), we conclude that such opinion evidence must still be *1110 supported “by factual data supporting such rate” (Kurnick v State of New York, 54 AD2d 1098, 1098 [1976]). An appraiser cannot simply list financial figures of comparable properties in his or her appraisal report that are derived from alleged personal knowledge; he or she must subsequently “prove” those figures to be facts at trial (22 NYCRR 202.59 [g] [2]; see Matter of Niagara Mohawk Power Corp. v City of Cohoes Bd. of Assessors, 280 AD2d 724, 727 [2001], lv denied 96 NY2d 719 [2001]). Petitioner’s appraiser, however, failed to offer any factual support for the great majority of his figures. Thus, there was no way for respondents’ counsel to conduct an adequate cross-examination of petitioner’s appraiser with respect to those figures (see Matter of Niagara Mohawk Power Corp. v Town of Bethlehem Assessor, 225 AD2d 841, 843 [1996]). In the absence of any documentary or tangible evidence, respondents’ counsel could not determine whether petitioner’s appraiser accurately reported the financial figures of the allegedly comparable properties, nor can we make such a determination.
Appraisal is not a novel or emerging profession; its methodologies are not mysterious either in general or to this Court. Countless other cases have come before this Court in which conflicting expert appraisers have had no trouble collecting the data and documents necessary to establish an evidentiary foundation for their opinions with respect to a capitalization rate, and we do not see anything remarkable here to excuse petitioner’s appraiser from that task. Moreover, even if extenuating circumstances were present in this case rendering it difficult for an appraiser to develop an evidentiary foundation for an opinion, that fact would not cure the defect in petitioner’s appraisal (see Matter of City of Rochester v Iman, 51 AD2d 651, 652 [1976]). Above all, we see no occasion here to take a plain failure of proof and to extrapolate from it a new, relaxed evidentiary standard in tax assessment cases based on the assumption that to do otherwise would stifle petitions challenging tax assessments. Rules of evidentiary foundation are restrictive, and intentionally so (see generally Wagman v Bradshaw, 292 AD2d 84, 91 [2002]).
Even if we were to accept petitioner’s appraiser’s recitation of the financial figures regarding the comparable properties based on his prior professional involvement with those properties, it is evident that the numerous precise, unrounded figures for, inter alia, gross annual income, effective gross income, and net operating income that he used came not from his memory, but rather from documents. At the very least, those documents should have been included in his appraisal and in the record *1111 before us (see generally Matter of Northern Pines MHP, LLC v Board of Assessment Review of the Town of Milton, 72 AD3d 1314, 1316 [2010]; Star Plaza v State of New York, 79 AD2d 746, 747 [1980]). Without such an evidentiary foundation, we conclude that the unsupported financial figures used by petitioner’s appraiser are simply hearsay and that such figures do not become admissible upon his bare assertion that he saw them at some point in the past (see generally Wagman, 292 AD2d at 86-87).
We further conclude that the capitalization rate of petitioner’s appraiser is factually flawed inasmuch as he did not make appropriate adjustments to the comparable properties used in calculating that rate. The subject property’s units were built between 2003 and 2005, while the four comparable properties were built in 1959, 1969, 1973, and 1978, respectively. Additionally, most of the units in the comparable properties were smaller than the units in the subject property, some were even half the size of the subject property’s units. Petitioner’s appraiser, however, failed to make any adjustments for the marked differences in age, condition, and size among the comparable properties’ units and the subject property’s units.
We cannot agree with the majority’s conclusion that the failure to adjust for such relevant, marketable characteristics as age and size (see generally Matter of Bialystock & Bloom v Gleason, 290 AD2d 607, 608 [2002]) is simply a matter of “weight to be given [petitioner’s] appraisal.” We recognize that “[t]he suitability of comparable sales is a matter resting within the sound discretion of the trial court” and that differences in properties may be accounted for by adjustments (Chase Manhattan Bank v State of New York, 103 AD2d 211, 222 [1984]; see Niagara Falls Urban Renewal Agency v 123 Falls Realty, 66 AD2d 1009, 1010 [1978], appeal dismissed 46 NY2d 997 [1979], lv denied 47 NY2d 711 [1979]). Nor do we question the general principle that “ ‘[comparability] does not . . . connote . . . identity’ ” (Matter of Katz v Assessor of Vil./Town of Mount Kisco, 82 AD2d 654, 658 [1981]). Contrary to the majority, however, we conclude that the degree of comparability “becomes a question of fact” only where the differences between a subject property and comparable properties have been explained and adjusted for value (Niagara Falls Urban Renewal Agency, 66 AD2d at 1010). Inasmuch as the record does not reflect any adjustment for the age and size of the comparable properties’ units by petitioner’s appraiser, any consideration of those factors by the Trial Referee or Supreme Court, or any basis for this Court to make its own adjustments, we are compelled to *1112 conclude that the purportedly comparable properties are incomparable as a matter of law. In other words, if weight of the evidence is the standard to be applied (see National Fuel Gas Supply Corp. v Goodremote, 13 AD3d 1134, 1135 [2004]; Champlain Natl. Bank v Brignola, 249 AD2d 656, 657 [1998]), we conclude that petitioner’s appraisal should be accorded no weight.
To the extent that petitioner’s appraisal contains “lump-sum” adjustments without breaking those adjustments down into specific categories and quantities, we conclude that such adjustments are improper because they do not afford an adequate basis for our review (Matter of County of Dutchess [285 Mill St.], 186 AD2d 891, 892 [1992]; see also Geffen Motors v State of New York, 33 AD2d 980, 980 [1970]).
We would therefore modify the order by reducing the aggregate assessment to $5,080,000 and adopting respondents’ apportionment of values among the subject units. Present— Centra, J.P, Fahey, Peradotto, Garni and Sconiers, JJ.