■ In the Matter of GRAN DEVELOPMENT, LLC, Respondent, v TOWN OF DAVENPORT BOARD OF ASSESSORS et al., Appellants. [2 NYS3d 237]—

McCarthy, J.P. Appeals (1) from an order of the Supreme Court (Lambert, J.), entered June 3, 2013 in Delaware County, which, among other things, in a proceeding pursuant to RPTL article 7, denied respondents' motion to strike an appraisal report, (2) from an order and amended order of said court, entered August 5, 2013 and October 17, 2013 in Delaware County, which granted petitioner's application, in a proceeding pursuant to RPTL article 7, to reduce the 2011 tax assessment on certain real property owned by petitioner, and (3) from the judgment entered thereon.

Petitioner is the owner of the Carriage House Event Center, which includes an approximately 10,000-square-foot banquet facility, a single-family residence and a shed on 4.12 acres of land in the Town of Davenport, Delaware County. Petitioner purchased the property for $165,000 at an auction in May 2010, and then refurbished it. The property was assessed, as of July 1, 2010, at $353,408 and, applying a 72.5% equalization rate, valued at $487,459. Respondent Board of Assessment Review of the Town of Davenport denied petitioner's application for reduction of the assessment, prompting this RPTL article 7 proceeding.

Petitioner filed an appraisal report, which respondents moved to strike as defective on the ground that petitioner's appraiser used a valuation date of March 1, 2011 as opposed to July 1,

2010. Respondents further sought dismissal of the petition if the appraisal was stricken. Petitioner cross-moved to file an amended appraisal report. Supreme Court denied respondents' motion to strike and dismiss, and ordered that the appraisal report be corrected to, among other things, include the proper valuation date. Following a nonjury trial, Supreme Court credited the findings and conclusions of petitioner's appraiser, determined that the assessed value should have been $320,000 and granted the petition. Respondents appeal from the order denying their motion to strike petitioner's appraisal report, as well as from the order and amended order granting the petition and from the judgment entered thereon.[1]

Initially, we reject respondents' argument that Supreme Court should have granted their motion to strike petitioner's appraisal report because it was based upon an incorrect valuation date. "Value is determined by assessing the condition of the property according to its state on the taxable status date" (*Matter of Adirondack Mtn. Reserve v Board of Assessors of Town of N. Hudson*, 99 AD2d 600, 601 [1984], *affd* 64 NY2d 727 [1984]; *see Matter of Corvetti v Winchell*, 51 AD3d 47, 50 [2008]). Pursuant to RPTL 302 (1), "[t]he taxable status of real property . . . shall be determined annually according to its condition and ownership as of [March 1] and the valuation thereof determined as of the applicable valuation date." The applicable valuation date is July 1 of the preceding year (*see* RPTL 301). Thus, as respondents' assert, petitioner's appraiser erred in initially using a valuation date of March 1, 2011 rather than July 1, 2010 in his report. Nevertheless, Supreme Court was not required to strike the report.

An appraisal report may be stricken for use of an incorrect valuation date if the use of the correct date would have resulted in a different estimated valuation (*see Matter of Eckerd Corp. v Burin*, 83 AD3d 1239, 1242 [2011]; *Matter of Markham v Comstock*, 38 AD3d 1262, 1263 [2007]; *Matter of Northville Indus. Corp. v Board of Assessors of Town of Riverhead*, 143 AD2d 135, 136-137 [1988]). In that regard, this Court has held that an appraisal report need not be stricken if the appraiser credibly testifies that the "report would not have differed" if the correct valuation date had been used (*Matter of Eckerd Corp. v Burin*,

---

1. Although respondents' appeal from the order denying their motion to strike must be dismissed inasmuch as the right to appeal from a nonfinal order terminates upon entry of a final judgment, the appeal from the final judgment brings this interlocutory order up for review (*see Neissel v Rensselaer Polytechnic Inst.*, 54 AD3d 446, 449 n 3 [2008], *lv denied* 11 NY3d 716 [2009]; *Matter of Ace Hardware Corp. v Little*, 49 AD3d 1008, 1009 [2008]).

83 AD3d at 1242). We explained that a six-month difference was a "minor deviation in valuation dates" that caused "no prejudice to [the] respondents . . . so as to warrant striking [the] report" (*id.*). Here, petitioner's appraiser testified that the change in the valuation date did not result in a different final value. Petitioner's appraisal "report was supported by ascertainable and verifiable data" and, thus, "any questions regarding the propriety of [the] assessment would affect only the weight accorded to the appraisal by the court and did not undermine the validity of the entire appraisal" (*id.* [internal quotation marks and citations omitted]).

Similarly lacking in merit is respondents' argument that petitioner did not overcome the presumptive validity of the tax assessment. Inasmuch as "a rebuttable presumption of validity attaches to the valuation of property made by the taxing authority" (*Matter of Roth v City of Syracuse*, 21 NY3d 411, 417 [2013]), a petitioner "[i]n an RPTL article 7 tax certiorari proceeding . . . challenging the accuracy of an assessment bears the initial burden of coming forward with substantial evidence that the property was overvalued by the assessor" (*Matter of Board of Mgrs. of French Oaks Condominium v Town of Amherst*, 23 NY3d 168, 174-175 [2014]). "Substantial evidence is a minimal threshold standard that simply 'requires that [a] petitioner demonstrate the existence of a valid and credible dispute regarding valuation' " (*Matter of Adirondack Mtn. Reserve v Board of Assessors of the Town of N. Hudson*, 106 AD3d 1232, 1234 [2013], quoting *Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 188 [1998]). A taxpayer most often meets this burden through submission of "a detailed, competent appraisal based on standard, accepted appraisal techniques and prepared by a qualified appraiser" (*Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes*, 92 NY2d 192, 196 [1998]; *accord Matter of Board of Mgrs. of French Oaks Condominium v Town of Amherst*, 23 NY3d at 175).

The regulation that prescribes the basic requirements for written appraisals provides, among other things, that "[t]he appraisal reports shall contain a statement of the method of appraisal relied on and the conclusions as to value reached by the expert, together with the facts, figures and calculations by which the conclusions were reached" (22 NYCRR 202.59 [g] [2]). Thus, "an appraisal should be disregarded when a party violates section 202.59 (g) (2) by failing to adequately set forth the facts, figures and calculations supporting the appraiser's conclusions" (*Matter of Board of Mgrs. of French Oaks Condominium v Town*

*of Amherst,* 23 NY3d at 176 [internal quotation marks and citation omitted]). It should be noted, however, that a primary objective of this requirement is "to afford opposing counsel the opportunity to effectively prepare for cross-examination" (*id.* [internal quotation marks and citation omitted]; *see Matter of Bialystock & Bloom v Gleason,* 290 AD2d 607, 608 [2002]; *Matter of Golub Corporation/Price Chopper Operating Co. v Assessor of Town of Queensbury,* 282 AD2d 962, 963 [2001]). Moreover, "[d]eficiencies in an appraisal report may be cured by the expert's trial testimony" (*Matter of Gibson v Gleason,* 20 AD3d 623, 625 [2005], *lv denied* 5 NY3d 713 [2005]).

Here, there is no dispute that petitioner's appraiser was qualified and that he used the comparable sales method of valuation, "a well accepted methodology where, as here, there was no recent [arm's length] sale of the subject property" (*Matter of Adirondack Mtn. Reserve v Board of Assessors of the Town of N. Hudson,* 106 AD3d at 1234; *see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack,* 92 NY2d at 189). The appraisal report identified the specific comparable sales transactions used, including the location, sale date and sale price of the proposed comparable properties, and set forth the specific dollar value adjustments for location, acreage, site improvements, building condition and square footage of buildings that were a mix of residential and commercial spaces. The report divided the subject property into four different uses—the 7,624-square-foot, first floor banquet hall with a bridal suite and kitchen; the 2,500-square-foot walk-up upper floor; the residential cottage; and a 768-square-foot shed. Adjustments were then made based upon whether the comparable properties had similar characteristics or amenities corresponding with each separate component of the subject property.

"[P]etitioner's appraisal report contained sufficient details necessary to examine the comparable sales used in its conclusions and provided respondent[s] with ample information supporting those conclusions" (*Matter of Bialystock & Bloom v Gleason,* 290 AD2d at 609), such that they were able to adequately prepare for cross-examination. Indeed, respondents' challenges to the sufficiency of the report were all explored and explained during the cross-examination of petitioner's appraiser or his testimony on redirect examination. In any event, respondents' criticisms of petitioner's appraisal report go to the weight of the report, rather than its validity. Under these circumstances, we agree with Supreme Court that the report was sufficient to rebut the presumption that respondents' tax assessment was valid (*see Matter of Adirondack Mtn. Reserve v*

*Board of Assessors of the Town of N. Hudson*, 106 AD3d at 1234-1236; *Matter of Gibson v Gleason*, 20 AD3d at 625-626; *Matter of Bialystock & Bloom v Gleason*, 290 AD2d at 609; *compare Matter of Board of Mgrs. of French Oaks Condominium v Town of Amherst*, 23 NY3d at 176-178).

Furthermore, Supreme Court's valuation of the property was not against the weight of the evidence. Once a petitioner in an RPTL article 7 proceeding has rebutted the presumption of the assessment's validity, "a court must weigh the entire record, including evidence of claimed deficiencies in the assessment, to determine whether [the] petitioner has established by a preponderance of the evidence that its property has been overvalued" (*Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d at 188; *accord Matter of Board of Mgrs. of French Oaks Condominium v Town of Amherst*, 23 NY3d at 175). The valuation of property is largely a question of fact (*see Matter of Consolidated Edison Co. of N.Y., Inc. v City of New York*, 8 NY3d 591, 595-596 [2007]). Thus, we give due deference to Supreme Court's resolution of credibility issues (*see Matter of Rite Aid of N.Y. No. 4928 v Assessor of Town of Colonie*, 58 AD3d 963, 964 [2009], *lv denied* 12 NY3d 709 [2009]), and we will affirm that court's decision unless it "is based upon [an] erroneous theory of law or [an] erroneous ruling in the admission or exclusion of evidence, or unless it appears that the court . . . has failed to give to conflicting evidence the relative weight which it should have and thus has arrived at a value which is excessive or inadequate" (*Matter of Adirondack Mtn. Reserve v Board of Assessors of the Town of N. Hudson*, 106 AD3d at 1237 [internal quotation marks and citation omitted]).

Respondents argue that Supreme Court's decision was against the weight of the evidence based upon alleged adjustment errors that were explored during cross-examination,[2] as well as the alleged drastic inferiority of petitioner's comparable sales to the subject property. Of course, "[b]y its very definition, a comparable sale need not be identical to the subject property"; it "need only be sufficiently similar to serve as a guide to the market value of the [subject] complex" (*Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d at 189 [internal quotation marks and citation omitted]). A review of petitioner's appraisal report reflects that the appraiser made appropriate adjustments

---

**2.** Respondents point out that petitioner's appraiser adjusted the property values of the comparables downward 5% annually due to the declining real estate market, but he did not readjust the values when he amended his report to correct the valuation date. Although this error would slightly affect the appraisal's conclusions, Supreme Court did not err in relying on that appraisal.

for the differing nature of the comparables to the subject property. Moreover, Supreme Court properly found the comparable sales used by petitioner to be superior to those used by respondents, inasmuch as one of respondents' comparable sales was remote in distance, another was not the product of an arm's length transaction, and respondents' appraiser failed to set forth the facts, figures and calculations that he used in making adjustments for fixtures and equipment sold with two of the comparable properties. As the court indicated, respondents' appraisal report was further undermined by their appraiser's failure to consider the fact that the subject property lacks its own septic system and potable water. In short, according deference to Supreme Court's resolution of the credibility issues presented by the conflicting expert opinions, the court's acceptance of petitioner's appraisal over that proffered by respondents is supported by the weight of the evidence and, thus, its decision must be affirmed (*see Matter of Adirondack Mtn. Reserve v Board of Assessors of the Town of N. Hudson*, 106 AD3d at 1240; *Matter of Gibson v Gleason*, 20 AD3d at 626-627; *Matter of Bialystock & Bloom v Gleason*, 290 AD2d at 610; *compare Matter of Corvetti v Winchell*, 75 AD3d 1013, 1014-1016 [2010], *lv denied* 16 NY3d 701 [2011]).

Respondents' remaining contentions have been considered and found to be lacking in merit.

Egan Jr., Devine and Clark, JJ., concur. Ordered that the appeal from the order entered June 3, 2013 is dismissed. Ordered that the order entered August 5, 2013, amended order entered October 17, 2013 and judgment are affirmed, with costs.