# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**954**
**CA 15-00280**
PRESENT: SMITH, J.P., CARNI, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF EXCELSIOR, PETITIONER-APPELLANT,

V                                          MEMORANDUM AND ORDER

ASSESSOR, TOWN OF AMHERST, ET AL., RESPONDENTS,
AND AMHERST CENTRAL SCHOOL DISTRICT,
INTERVENOR-RESPONDENT.

---

WOLFGANG & WEINMANN, LLP, BUFFALO (PETER ALLEN WEINMANN OF COUNSEL),
FOR PETITIONER-APPELLANT.

HODGSON RUSS LLP, BUFFALO (JOSHUA FEINSTEIN OF COUNSEL), FOR
INTERVENOR-RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered April 17, 2014 in a proceeding pursuant to RPTL article 7. The order, among other things, denied the petition.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: We agree with petitioner that Supreme Court failed to comply with RPTL 720 (2) by failing "to set forth the essential facts upon which it relied in arriving at its determination of the fair value of the property during the tax year[] in question" (*Matter of Zacher v Assessor of Town of Hamburg*, 217 AD2d 945, 945; *see Matter of South Slope Holding Corp. v Board of Assessment Review of Town of Jerusalem*, 254 AD2d 684, 686). Consequently, the order must be reversed and the matter remitted to Supreme Court to comply with RPTL 720 (2). We note, however, that the court may not set an assessment in excess of the total assessment on the tax roll (*see Matter of Shubert Org. v Tax Commn. of City of N.Y.*, 60 NY2d 93, 95).

Entered: October 9, 2015                        Frances E. Cafarell
                                                Clerk of the Court