In the Matter of ROGER ALDRICH, Doing Business as EMPIRE SILO COMPANY, et al., Petitioners, v. JOSEPH H. MURPHY et al., Constituting the State Tax Commission, Respondents.

Third Department, October 25, 1973.

*Philip D. O'Donnell* for appellants.

*Louis J. Lefkowitz, Attorney-General (Vincent P. Molineaux* and *Ruth Kessler Toch* of counsel), for respondents.

*George M. Michaels* and *Lee S. Michaels* for Northeast Silo Association, *amicus curiae.*

SWEENEY, J.   This is a proceeding pursuant to article 78 of the CPLR (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which affirmed assessments of sales or use taxes against petitioners for the periods ending August 31, 1965, November 30, 1965, May 31, 1966, and August 31, 1966, and denied petitioners' application for a revision of the said assessments.

Petitioners were engaged in the business of erecting silos on farm land for a lump-sum contract price.   The staves, hoops and clamps used to erect the silos were purchased by petitioners in bulk from Buffalo and Chicago without the payment of a sales or use tax.   No sales tax was collected from the purchasers of the silos.   Petitioners filed sales and use tax returns for the periods in question and listed no taxable sales or services. Respondent issued an additional assessment for sales and use taxes based upon the cost of materials used in the erection of the silos.

Respondent State Tax Commission has determined that the silos were " buildings or structures " which, when completed, became real property and, therefore, were not subject to sales

tax under section 1105 (subd. [c], par. [3]) of the Tax Law. It has further determined that the staves, hoops, clamps and other materials used in the construction of the silos were tangible personal property when purchased by petitioners and were not purchased for resale; that they were subsequently incorporated in a building or structure, and, accordingly, that the receipts from the sales of the staves, hoops, clamps, etc. to petitioners were not exempt from sales and use taxes pursuant to section 1115 (subd. [a], par. [6]) of such law.

It is not contested that the materials purchased by petitioners were tangible personal property at the time of purchase. It is respondent's contention that the purchase of these materials which were used by petitioners to construct a completed silo upon real property for a lump-sum contract price constituted a taxable retail sale. With this contention we agree. In view of the statutory exceptions designed into the definition of "retail sales" in order to avoid a "tax upon a tax", this section is properly applicable only to sales to wholesalers and manufacturers, where a second taxable sale is contemplated. In the instant case there was no second taxable transaction. Moreover, the legislative intent is manifest from a reading of the recent amendment to section 1101 (subd. [b], par. [4], subpar. [i]) of the Tax Law, which provides that the sales of building materials to contractors are not to be considered sales for "resale as such". (L. 1969, ch. 473, § 1.)

Petitioners' main argument is that these purchases were exempt under section 1115 (subd. [a], par. [6] or par. [12]) of the Tax Law.

Paragraph (6) of subdivision (a) of section 1115, in effect during the period here involved, provided for an exemption from the sales and use tax for sales of: "Tangible personal property, except property incorporated in a building or structure, for use or consumption directly and exclusively in the production for sale of tangible personal property on farms, including stock, dairy, poultry, fruit, fur bearing animals, and truck farms, ranches, nurseries, greenhouses or other similar structures used primarily for the raising of agricultural or horticultural commodities, and orchards."

Paragraph (12) of subdivision (a) provides an exemption for: "Machinery or equipment for use or consumption directly and exclusively in the production of tangible personal property, gas, electricity, refrigeration or steam for sale, by manufacturing, processing, generating, assembling, refining, mining or extracting".

Dealing first with paragraph (12), since the record contains expert testimony to the effect that the primary function of a silo is to store fodder so that livestock can be fed throughout the winter, respondent could conclude, on a rational basis, that it was not machinery or equipment for use or consumption directly and exclusively in the production of tangible personal property by manufacturing, processing, etc. Nor do we find that such determination was erroneous as a matter of law.

Turning to paragraph (6) of said subdivision, petitioners contend that the silos were not "buildings" within the intent and meaning of this statute, but rather were part of the farmer's machinery. Even if a silo is not a building, it cannot be said, as a matter of law, that a silo is not a "structure". In using the language "greenhouses or other similar structures" we construe paragraph (6) as merely delineating categories of exempt operations, other than farming per se, to which the exemption applies, such as ranching, nurseries and greenhouse operations (see recent amdt. to § 1115, subd. [a], par. [6], added by L. 1968, ch. 427).

Finally we note that exemptions from taxation should be strictly construed and, if there be any ambiguity, "all doubt must be resolved against the exemption". (*Matter of City of Lackawanna* v. *State Bd. of Equalization & Assessment of State of N. Y.*, 16 N Y 2d 222, 230.) We conclude, therefore, that the silos were properly held to be "buildings or structures" within the meaning of this statute, and not exempt from the sales or use taxes imposed.

The determination should be confirmed, with costs, and the petition dismissed.

STALEY, JR., J. P., GREENBLOTT, COOKE and KANE, JJ., concur.

Determination confirmed, with costs, and petition dismissed.