■ In the Matter of EDWARD C. COSGROVE, as District Attorney of Erie County, Petitioner, v ROSE D. LA MENDOLA, Individually and as an Associate Judge of the Erie County Court of the State of New York, et al., Respondents.—Petition unanimously granted, without costs, in accordance with the following memorandum: In this original article 78 proceeding the Erie County District Attorney seeks a judgment in the nature of prohibition restraining the respondent from enforcing part of an order of County Court. In that order the respondent reinstated informations charging two defendants with driving while intoxicated and directed the District Attorney to modify his policy on accepting guilty pleas to reduced charges in such cases. It is the latter provision which is the subject of this proceeding. The respondent clearly exceeded her authority by ordering the District Attorney to change his plea bargaining procedure, and the extraordinary remedy of prohibition lies. If, as the respondent claims, the directive applies only to the particular cases that were before her on appeal, it is tantamount to an order to the District Attorney to accept pleas to reduced charges. If, on the other hand, the directive does not apply to the cases on appeal, but was intended to instruct the District Attorney on future negotiations, it is gratuitous. In either case, it was an exercise of power that the respondent did not possess. (Art 78.) Present—Dillon, P. J., Cardamone, Simons, Doerr and Witmer, JJ.

■ In the Matter of JEREMY M. JACOBS et al., Respondents, v BOARD OF ASSESSORS OF THE TOWN OF ELMA et al., Appellants. (Appeal No. 1.)—Judgment unanimously affirmed, with costs. Memorandum: An award of an additional allowance in a tax assessment review case can be made only when the court finds that the assessment was increased without adequate cause or that the amount of the assessment was grossly discriminatory (Real Property Tax Law, § 722, subd 2; Grant Co. v Srogi, 71 AD2d 457; Matter of Rice v Srogi, 70 AD2d 764). Although the Trial Justice in this case did not expressly find gross discrimination, it is clear that such was the basis of his determination, and the facts justify such finding. On this record, we therefore make such finding and affirm the grant of the additional allowance. (Appeal from judgment of Erie Supreme Court—Real Property Tax Law, art 7.) Present—Dillon, P. J., Cardamone, Simons, Doerr and Witmer, JJ.

■ In the Matter of JEREMY M. JACOBS et al., Respondents, v BOARD OF ASSESSORS OF THE TOWN OF ELMA et al., Appellants. (Appeal No. 2.)—Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: The first paragraph of the order properly denied the motion to delete from the judgment the award of an additional allowance. The next two ordering paragraphs of the order inconsistently granted an additional allowance in the same amount under CPLR 8303 (subd [a], par 2) but only in lieu of the allowance granted in the judgment. This being a tax assessment review case, the matter of an additional allowance is governed by section 722 of the Real Property Tax Law, and CPLR 8303 (subd [a], par 2) does not apply (Matter of Rice v Srogi, 70 AD2d 764). The order is, therefore, modified by striking the last two ordering paragraphs. (Appeal from order of Erie Supreme Court—additional costs.) Present—Dillon, P. J., Cardamone, Simons, Doerr and Witmer, JJ.