■ In the Matter of KINGDON GOULD, JR., et al., Appellants, v ROBERT A. KERWICK, as Assessor of the Town of Hardenburgh, et al., Respondents. —

Appeal from a judgment and order of the Supreme Court at Special Term (Klein, J.), entered June 9, 1980 in Ulster County, which, in a proceeding pursuant to article 7 of the Real Property Tax Law, granted respondents' motion for partial summary judgment. In their petition in this proceeding, petitioners sought judicial review of 1979 assessments of various properties located in the Town of Hardenburgh, Ulster County. In the portion of the petition denominated "for a first proceeding", the basis for review of the assessments of the properties allegedly owned by petitioners Kingdon Gould, Jr., and Eagle Lodge, Inc., was illegality by reason of overvaluation and inequality. In the portion of the petition entitled "for a second proceeding", the "petitioners Gould" sought review of respondents' refusal to grant a partial exemption from taxation for 4,469 acres of wild land. This land was allegedly owned by the "petitioners Gould" and was identified through the tax rolls as all of one numbered tax account and all or a portion of six other numbered tax accounts. The petition stated that petitioners were entitled to the exemption by reason of their dedication of the acreage to forest land (Real Property Tax Law, § 480-a). Respondents moved at Special Term for partial summary judgment dismissing the petitioner of Eagle Lodge, Inc., in the "first proceeding" on the ground that the complaint before the assessment board of review was fatally defective in failing to have attached to it the written authorization for its officer or agent to file such complaint (Real Property Tax Law, § 512, subd 1). Judgment was also requested dismissing the entire "second proceeding" on the ground that the grievance filed with respondents and the petition itself established multiple ownership of the properties in question in contravention of section 480-a of the Real Property Tax Law. Special Term's judgment and order granted the partial summary judgment sought by respondents in all respects, and this appeal ensued. Petitioners, however, have not pursued their appeal from the portion of the judgment and order dismissing the "first proceeding" insofar as it concerned Eagle Lodge, Inc., and, therefore, that portion of the judgment and order is affirmed. The appeal from the remaining portion of the judgment and order dismissing the "second proceeding" presents two issues. The first issue is whether entitlement of the partial tax exemption for forest land under section 480-a of the Real Property Tax Law is dependent upon compliance with the requirements of that section by all owners of the subject property. If full compliance with section 480-a by all owners is required, the second issue is whether the record is devoid of any triable issue of fact concerning either that there were multiple owners of the subject properties or that the only owner who had complied with section 480-a was petitioner Kingdon Gould, Jr. Special Term resolved both these issues in the affirmative in its judgment and order dismissing the "second proceeding". While we agree with Special Term's determination that section 480-a of the Real Property Tax Law requires that the owner(s) commit the subject property to continued forest crop production for a period of 10 years under a management plan specified by the Department of Environmental Conservation, and that the commitment be filed with the clerk of the county where the property is located, we disagree with that court's conclusion that respondents conclusively demonstrated that petitioner Kingdon Gould, Jr., was not the sole owner of the property in question as required by section 480-a. In our view, Special Term's reliance on technical rules of evidence in rejecting the affidavit of William H. Hall, a title searcher, on hearsay grounds was error. Hall's averment that the county records showed Kingdon Gould, Jr., to be the owner of the subject property, although based on hearsay, satisfies the fundamental principle enunciated in *Phillips v Kantor & Co.* (31 NY2d 307) that "[s]ummary judgment should be denied where there is any doubt, at least any significant doubt, whether there

is a material, triable issue of fact" (*id.*, at p 311). Here, although petitioners failed to present evidence to Special Term in admissible form, a triable issue of fact is raised, nevertheless, by the existence of records in a county office that are admissible at trial. That is enough to defeat the motion for summary judgment (cf. *Indig v Finkelstein*, 23 NY2d 728). Judgment and order modified, on the law, with costs, by reversing so much thereof as dismissed the "second proceeding", and respondents' motion denied with respect to said proceeding, and, as so modified, affirmed. Mahoney, P. J., Kane, Casey and Weiss, JJ., concur.

Levine, J., dissents and votes to affirm in the following memorandum. Levine, J. (dissenting). Concededly, only petitioner Kingdon Gould, Jr., complied with the commitment requirements of section 480-a of the Real Property Tax Law. The majority properly holds that compliance by all owners was required for entitlement to the tax exemption. Therefore, to succeed in this article 7 proceeding, it was incumbent upon petitioners to establish that Kingdon Gould, Jr., was the sole owner of the properties. In their motion for summary judgment, respondents submitted ample proof, in evidentiary form, that there was multiple ownership of the subject properties. This consisted of the judicial and extrajudicial admissions by petitioners in their pleadings (naming Mary Gould as a copetitioner in the second proceeding and alleging that "petitioners Gould * * * are and were * * * the owners"; emphasis added) and in their formal grievance complaints before the respondent board. Faced with this evidence of multiple ownership fatal to their case, petitioners were required to come forward with evidentiary proof in admissible form that Kingdon Gould, Jr., was the sole owner, or at the least "demonstrate acceptable excuse" for a "failure to meet the strict requirement of tender in admissible form" (*Zuckerman v City of New York,* 49 NY2d 557, 562). I respectfully disagree with the majority's holding that the Hall affidavit satisfies these requirements. Hall only avers, "I examined or had examined by my Staff the records in Kingston, New York, and according to the records in the County Offices, all of the properties which are the subject of petitioner's three forest tax management applications to DECON are owned by Kingdon Gould, Jr.". Hall's expertise is not disclosed in any of petitioners' papers. His averments typify the kind of vague, conclusory statements held to be insufficient to defeat summary judgment in *Rotuba Extruders v Ceppos* (46 NY2d 223, 230-231). They lack specificity as to what records in what county offices were relied upon, and fail to state the extent to which the verification through these records was accomplished by the affiant personally or by his staff. Even more importantly, Hall's statement that the record examination disclosed that "all of the properties * * * are owned by Kingdon Gould, Jr." misses the mark as a refutation of respondents' proof of multiple ownership. The issue presented is not whether Gould owned the properties, but whether he *solely* owned them. The majority's apparent interpretation of the Hall affidavit as an affirmation of Kingdon Gould, Jr.'s sole ownership of all of the subject properties is inconsistent with *Zuckerman* and *Rotuba,* and is undercut as a factual matter here by the statement in petitioners' brief on appeal that, of the three tracts for which forest land exemption was sought, two are owned solely by Kingdon Gould, Jr., and one is partly owned by him and partly owned by him and Mary Gould as tenants by the entirety.[*] Petitioners were similarly deficient in demonstrating any acceptable excuse for their failure to meet the requirement of tender in admissible form, the less rigorous showing permitted under *Zuckerman.* Nor can any such acceptable excuse be inferred here, since

---

[*] Petitioners' brief similarly lacks specificity in failing to identify which tracts are owned solely and which are owned jointly.

evidence of sole ownership in evidentiary form was presumably readily available, e.g., an affidavit of Kingdon Gould, Jr., the original or authenticated copies of the deeds to the properties, or a certified title search. For these reasons, Special Term was correct in finding that no triable issue of fact existed and in granting respondents' motion for partial summary judgment.