■ In the Matter of ADIRONDACK MOUNTAIN RESERVE, Appellant, v BOARD OF ASSESSORS OF THE TOWN OF NORTH HUDSON, Respondent. (And Another Proceeding.) — Appeal from a judgment of the Supreme Court at Trial Term (Viscardi, J.), entered March 22, 1983 in Essex County, which denied petitioner's applications, in proceedings pursuant to article 7 of the Real Property Tax Law, to reduce the assessments on the Adirondack Mountain Reserve for the years 1979, 1980 and 1981. Petitioner Adirondack Mountain Reserve (AMR) is a New York corporation organized in 1887 in Essex County for the purpose of conserving the natural resources of the Adirondack Mountain region. It operates the Ausable Club, a private club which grants its dues-paying members the exclusive right to use the clubhouse facilities, golf course, swimming pool, bowling green and tennis courts, and the right to use all the property of the AMR "reserve" lands. Prior to 1978, the AMR property consisted of a 300-acre "campus" which housed the Ausable Club and approximately 16,000 acres of "reserve" property in the Towns of Keene and North Hudson, Essex County. In 1978, the AMR sold over 9,000 of the "reserve" acreage to the State of New York for $744,880 with the proviso that the land was to be kept in its natural condition, but that the parcel sold to the State could be open for public use and enjoyment as part of the Adirondack Forest Preserve. The deed was made contingent upon the AMR granting a conservation easement and public trail easement whereby the newly acquired State land "benefited" from the use of trails, paths and roadways on the remaining "reserve" property. The AMR land was "burdened" by a prohibition on real estate development, building construction, mining, hunting, farming and a number of other activities. The deed also prevented the AMR from constructing more than 20 new dwelling units instead of the 143 units allowed under the applicable Adirondack Park Agency land use regulations. After the 1978 sale, the Town of Keene reassessed the AMR land on the 1979 tax roll and increased the assessment. The Town of North Hudson did not change the 1979 assessment. The 1980 and 1981 assessments in each town remained the same as the 1979 figures. Petitioner, pursuant to article 7 of the Real Property Tax Law, challenged the tax assessments levied by respondent towns on the AMR

property in each town for the years 1979, 1980 and 1981 on the ground of inequality since the AMR land was assessed at a higher percentage of full market value than the average of all other property on the tax rolls. Petitioner did not dispute the applicable ratio of assessment and, accordingly, the issue distilled to a consideration of the fair market value of the property in question against which the ratio is applied (see *Matter of Slewett & Farber v Board of Assessors,* 54 NY2d 547, 555). The trial court, in dismissing the petitions, ruled that the towns' tax assessments should not be disturbed because: (1) the easements did not diminish the value of the AMR property; (2) the subject parcels were unique and, therefore, could not be appraised in comparison with other parcels for assessment purposes; and (3) there is a presumption of validity of an assessment by the taxing authority and the petitioner failed to meet its burden of showing by substantial evidence that the assessments are excessive. This appeal by petitioner ensued. As the trial court noted, it is well settled that there is a presumption of validity of an assessment by the taxing authority and the burden is imposed on petitioner to show by substantial evidence that the assessments are excessive (*Matter of Metropolitan Life Ins. Co. v Tax Comm.,* 85 AD2d 525, affd 57 NY2d 964; *Matter of Peck v Obenhoff,* 84 AD2d 633). A review of the record reveals that petitioner has failed to meet this burden. Rather, the assessments in question are more than amply substantiated and supported by a detailed appraisal report and expert testimony. In this report and testimony, the impact which the easement in question had on the market value of the parcels in question was fully considered. Accordingly, since petitioner has failed to meet its burden of proof, the assessments must not be disturbed (*Matter of Metropolitan Life Ins. Co. v Tax Comm., supra,* p 526). Contrary to petitioner's contention, the trial court's finding that the easement did not diminish the value of petitioner's property was correct. Value is determined by assessing the condition of the property according to its state on the taxable status date, without regard to future potentialities or possibilities, and may not be assessed on the basis of some use contemplated in the future (*Matter of Addis Co. v Srogi,* 79 AD2d 856, 857, mot for lv to app den 53 NY2d 603; see, also, 58 NY Jur, Taxation, § 281, p 432). It appears upon this record that the highest and best use of the affected land is seasonal recreation. The restrictions in construction and logging and mining activities do not affect current recreational use. In addition, a reading of the indenture granting the easements indicates that the property owned by the AMR received benefits by the grant of the easements. As the trial court noted, the conservation easement seeks to insure that the "views and scenic vistas" of the properties are preserved to the members of the AMR. Some of the benefits specifically mentioned in the deed restrict public use of the subject property and insulate the AMR from liability if it is unable to make necessary repairs on the trails. One can conclude, therefore, that the value of the dominant estate owned by the State of New York has been minimally benefited and the value of the servient estate retained by petitioner has suffered little or no burden (cf. *Matter of Trinity Place Co. v Finance Administrator,* 46 AD2d 373, 376, affd 38 NY2d 144; 58 NY Jur, Taxation, § 286, pp 449-451). The judgment should be affirmed. Judgment affirmed, without costs. Kane, J. P., Main and Yesawich, Jr., JJ., concur.

Mikoll and Weiss, JJ., dissent in part and concur in part and vote to modify in the following memorandum by Mikoll, J. Mikoll, J. (dissenting in part and concurring in part). We agree with the majority that the easements in question did not diminish the value of AMR's property. The Town of North Hudson, therefore, had justification for refusing to decrease the assessment and for leaving the assessment intact since the use by AMR had remained unchanged. However, in our opinion, the trial court erroneously found that petitioner had

not met its burden of proving that the increased tax assessment imposed by the Town of Keene was invalid. Petitioner's evidence established that the Town of Keene assessed the property in excess of its value after the 1978 sale. It was shown that no additional benefit or value was conferred on the property which would justify an increase in the property tax. Accordingly, the judgment should be modified by reversing so much thereof as dismissed the petition against the Town of Keene. That town's assessment should be declared invalid for the years in question and the matter should be remitted to the town's assessors for recomputation of petitioner's assessment and resultant tax liability.