■ In the Matter of RICHARD CORVETTI et al., Appellants-Respondents, v BOARD OF ASSESSORS OF THE TOWN OF LAKE PLEASANT et al., Respondents-Appellants. (And Six Other Related Proceedings.) [619 NYS2d 882] —Yesawich Jr., J. (1) Cross

appeals from three orders of the Supreme Court (Best, J.), entered August 12, 1993 in Hamilton County, which partially granted petitioners' applications, in five proceedings pursuant to RPTL article 7, to reduce their real property tax assessments for the years 1985, 1986 and 1990, and (2) appeals from two orders of said court, entered August 12, 1993 and February 16, 1994 in Hamilton County, which denied petitioners' applications to reduce their real property tax assessments, in two proceedings pursuant to RPTL article 7, for the years 1989 and 1991.

Petitioners brought these seven proceedings to challenge the tax assessments of two parcels of land in Hamilton County for the years 1985, 1986, 1989, 1990 and 1991. The parties stipulated that the matters would be decided on the basis of certain documentary evidence, including appraisal reports submitted by petitioners, which purported to set forth the value of their property at each of the taxable status dates in question, and an appraisal report prepared at respondents' request setting forth the value of the property as of May 1991. Also before the court were the assessment ratios for each year, the accuracy of which respondents must be deemed to have admitted (see, RPTL 716; *Matter of Johnson v Town of Haverstraw*, 102 AD2d 451, 461).

For tax year 1985, Supreme Court ordered that the assessments of both parcels be reduced from a total of $12,500 to $10,000; the same relief was granted for tax year 1986. Petitioners appeal these two orders claiming that the evidence supports a greater reduction, and respondents cross-appeal. No modification was ordered for 1989, and costs were awarded to respondents on that petition. Petitioners appeal this order, arguing that a reduction is warranted, and also that they are entitled to an additional allowance pursuant to RPTL 722 (2) because respondents acted discriminatorily in raising their assessment to $12,500 for 1988 and 1989, after having reduced it to $10,000 pursuant to an agreement reached by the parties in 1987. For the years 1990 and 1991, Supreme Court granted the reductions requested by petitioners. They appeal these orders solely because the court failed to grant them an additional allowance. Respondents cross-appeal from the 1990 order, but, as noted by petitioners, this cross appeal, and that taken from the 1986 order, were not filed in a timely manner, and accordingly must be dismissed.

On the merits, Supreme Court erred in fixing petitioners' assessments for the years 1985 and 1986 at $10,000, which,

considering the ratios in use during these years, corresponds to a market value of over $790,000. There is no evidence that the subject parcels have ever been worth this much. Moreover, although respondents argue that the appraisal they submitted, which was prepared in 1991, provides an indication of value for each of the years at issue, there is nothing in the report itself, or in the remainder of the record, that lends support to any such extrapolation.

The only indication of the properties' value on the taxable status dates in 1985 and 1986 is found in the appraisal report prepared for petitioners by Robert Cross. Cross found the market value of the first parcel to be $270,000 in 1985 and $352,840 in 1986; the increase resulted from the construction of a residence which was completed in August 1985. The second parcel was valued at $55,000 in 1985 and $56,760 in 1986. The record is devoid of evidence that contradicts or casts doubt on the validity of these figures, or suggests any reason for deviating from them. Application of the 1985 assessment ratio of 1.56% to the values for that year yields assessments of $4,212 for the first parcel and $858 for the second, and when the 1986 ratio of 1.58% is applied to the values in that year, the resulting assessments are $5,575 for the first parcel and $897 for the second. Petitioners' assessments should be reduced accordingly.

Petitioners should have been granted a reduction for 1989 as well. As of the taxable status date in 1989, petitioners' proof, again undisputed, shows the market value of both parcels, together, to be $502,800.* The assessment ratio for that year was 1.75%, and consequently, petitioners' assessment should have been $8,799.

Finally, the record as a whole, including the uncontroverted averments of petitioner Richard Corvetti, and the assessment history of the properties at issue, demonstrates that respondents have engaged in a pattern of retaliatory and discriminatory conduct which has resulted in petitioners' properties being grossly overassessed for the years 1989, 1990 and 1991. Hence, petitioners are entitled to an additional allowance of $2,500 (see, RPTL 722 [2]; Matter of Jacobs v Board of Assessors, 73 AD2d 810).

Mikoll, J. P., Crew III and Casey, JJ., concur. Ordered that the orders granting petitioners' applications for reduction of

---

* Interestingly, respondents' appraisal for 1991 valued the property at $500,000, essentially the same as the value placed on it by petitioners' appraiser for 1989, 1990 and 1991.

their real property tax assessments for 1985 and 1986 are modified, on the law, by reducing their assessment to $5,070 for 1985 and $6,472 for 1986, and, as so modified, affirmed; order denying petitioners' application for reduction of their real property tax assessment for 1989 and an additional allowance pursuant to RPTL 722 (2) is reversed, on the law, and petition granted to the extent that petitioners' assessment is reduced to $8,799 for 1989; orders granting petitioners' application for reduction of their 1990 and 1991 real property tax assessments modified, on the facts, to the extent that petitioners are granted a single allowance of $2,500 pursuant to RPTL 722 (2), and, as so modified, affirmed, with costs to petitioners.