■ In the Matter of GEORGE GIBSON, Respondent, v HOWARD L. GLEASON, JR., as Assessor of the Town of Stuyvesant, Appellant. (And Another Related Proceeding.) [798 NYS2d 541]—

Mercure, J.P. Appeals (1) from an order of the Supreme Court (Czajka, J.), entered July 2, 2004 in Columbia County, which granted petitioner's application, in a proceeding pursuant to

RPTL article 7, to reduce tax assessments on certain real property owned by petitioner, and (2) from the judgment entered thereon.

Petitioner is the owner of a 440-acre crop farm in the Town of Stuyvesant, Columbia County. The parcel that is the subject of these proceedings pursuant to RPTL article 7 encompasses 307 acres. The property, which is used for farming, is improved by a modest residence and a number of outbuildings, and is encumbered by a conservation easement. Respondent assessed the property at $702,100 for tax years 2002 and 2003, allocating $399,600 to the value of the land and $302,500 to the value of the improvements. Petitioner commenced two proceedings challenging the assessments, essentially asserting that the assessed value was excessive because it should have been reduced by the full value of the conservation easement, for which petitioner had been paid $580,589, and pursuant to which the right to develop the property was relinquished in perpetuity.

At the outset of the hearing regarding the 2002 assessment, the parties stipulated, among other things, that the appraisal reports of the experts were to be conditionally admitted into evidence subject to the opposing party's rights to cross-examine the expert and move to strike any or all of the other party's appraisal report.[1] Petitioner's appraisal report assigned a value to the property of $384,000, taking into account the conservation easement. Respondent's appraisal report attributed a total value of $820,000 to the whole parcel in fee simple, and a value of $525,000 as encumbered by the conservation easement. The expert for each party testified at trial, after which Supreme Court found that petitioner had established that the assessed value should have been $384,000, and entered a judgment in petitioner's favor. Respondent appeals, and we affirm.

Respondent asserts a number of particularized challenges to the validity of petitioner's appraisal report, including that the appraised value of $140,000 for the improvements is inadequately documented, that some of the vacant land parcels used as comparable sales were not transferred in arm's length transactions, and that comparable land sales were essentially incomparable or inadequately adjusted by petitioner's appraiser. None of these points appears in the record of the proceedings in Supreme Court, and thus, they are not preserved for our review (see Matter of Malta Town Ctr. I, Ltd. v Town of Malta Bd. of Assessment Review, 3 NY3d 563, 571 n 7 [2004]; Matter of North

---

1. The parties also stipulated that Supreme Court's determination in the 2002 proceeding would govern the separate and unconsolidated proceeding regarding the 2003 tax year.

*Country Hous. v Board of Assessment Review for Vil. of Potsdam*, 298 AD2d 667, 670 [2002]).[2] Similarly, to the extent that respondent challenges the admissibility of petitioner's appraisal report due to its alleged failure to comply with 22 NYCRR 202.59 (g) (2), this argument was waived by respondent's conditional stipulation of the report into evidence coupled with respondent's failure to move to strike all—or any part—of the report (*see Matter of Niagara Mohawk Power Corp. v City of Cohoes Bd. of Assessors*, 280 AD2d 724,. 726 [2001], *lv denied* 96 NY2d 719 [2001]).[3]

A tax assessment is presumptively valid, but it may be rebutted by substantial evidence to the contrary (*see Matter of FMC Corp. [Peroxygen Chems. Div] v Unmack*, 92 NY2d 179, 187 [1998]) which, in the context of tax assessment cases, requires petitioner to demonstrate the existence of a valid and credible dispute regarding valuation (*see id.* at 188; *Matter of City of Troy v Town of Pittstown*, 306 AD2d 718, 720 [2003], *lv denied* 1 NY3d 505 [2003]). Substantial evidence rebutting the presumption of validity of an assessment "will most often consist of a detailed, competent appraisal based on standard, accepted appraisal techniques and prepared by a qualified appraiser" (*Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes*, 92 NY2d 192, 196 [1998]; *see Matter of Friar Tuck Inn of Catskills v Town of Catskill*, 2 AD3d 1089, 1090 [2003]; *Matter of Villa Roma Country Club v Fulton*, 301 AD2d 911, 912 [2003]). Deficiencies in an appraisal report may be cured by the expert's trial testimony (*see id.*).

Petitioner's appraisal report was prepared by Anthony Concra, whose qualifications were stipulated to by respondent. The report, which was founded upon the sales-comparison approach, set forth details regarding the subject property and the properties that were used for comparison. Our review of petitioner's report reveals that it successfully rebutted the presumption of validity of respondent's assessment of petitioner's property. Indeed, although the burden rests upon petitioner to rebut the presumption of validity, that petitioner did so here

**2.** Respondent has appended to its reply brief a copy of proposed findings of fact and conclusions of law that were purportedly submitted by respondent to Supreme Court. Respondent did not make this document part of the certified record on appeal, and thus, it will not be considered by this Court (*see Matter of Heinemeyer v State of N.Y. Power Auth.*, 229 AD2d 841, 843 [1996], *lv denied* 89 NY2d 801 [1996]; *cf. Vermont Fed. Bank v Chase*, 226 AD2d 1034, 1035-1036 [1996]).

**3.** Contrary to respondent's contention on appeal, the motion to dismiss that was made at the close of petitioner's proof was not a motion to strike for facial insufficiency of the appraisal.

is evidenced by the fact that respondent's own expert valued the property, as encumbered by the conservation easement, at substantially less than the assessed value.

"[O]nce petitioner has met [his or her] initial burden and rebutted the presumption of validity that attaches to the assessment, a court must weigh the entire record, including evidence of claimed deficiencies in the assessment, to determine whether petitioner has established by a preponderance of the evidence that [his or her] property has been overvalued" (*Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, supra* at 188). Supreme Court's finding of an overvaluation will be reviewed to determine whether it is supported by or against the weight of the evidence (*see Matter of City of Troy v Town of Pittstown, supra* at 721; *Matter of Lia v Town of Niskayuna,* 300 AD2d 876, 877 [2002]; *see also Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, supra* at 190).

The Town of Stuyvesant zoning ordinance places petitioner's property within an agriculture zone with a minimum lot size of five acres. Both parties' experts agreed that without the encumbrance of the conservation easement, the highest and best use of the property included large residential home sites, but that the prohibition against subdivision imposed by the conservation easement altered the highest and best use to primarily agricultural purposes. The experts further agreed that the conservation easement substantially reduced the value of the property, and that there were no sales of similar properties, i.e., large agricultural parcels with improvements that would provide an exact or close sales comparison. Both experts used sales comparison methods to value the property, but they departed from one another in the approaches that they utilized to perform that valuation. Petitioner's expert compared undeveloped parcels that were subject to conservation easements to value the unimproved land, and performed a separate analysis of comparable improved properties to value the improvements upon petitioner's land. He valued the property at $384,000, with $140,000 attributable to the improvements. Respondent's expert valued the property by considering it as two economic units: 298 acres of undeveloped farmland, and a nine-acre farmstead that included all of the improvements. He valued the farmstead unit at $165,000, and valued the farmland unit at $655,000 in fee simple, and at $360,000 as encumbered by the conservation easement, for total appraised values of $820,000 in fee simple and $525,000 as encumbered.

After reviewing the appraisal reports and hearing the testimony of the appraisers, Supreme Court found that petition-

er's expert and his report were credible, and that his conclusions were well supported by the evidence and data presented. Although the appraisal report of respondent's expert was more thorough than the report of petitioner's expert, we conclude that Supreme Court's acceptance of petitioner's appraisal is not against the weight of the evidence. Moreover, as Supreme Court noted, the valuation by respondent's expert could not be accepted because, in appraising the parcel as two separate economic units, he failed to value the parcel as indivisible, which, by virtue of the restrictions in the conservation easement, was its state on the valuation date. Accordingly, we find no basis to disturb Supreme Court's findings.

Respondent further contends that the assessed value of real property may not be diminished by a conservation easement as a matter of law. The arguments in support of this contention were not made before Supreme Court, and thus, they are unpreserved. Alternatively, respondent asserts that petitioner's expert did not establish that the conservation easement in this case affected the value of petitioner's parcel inasmuch as petitioner retained the "bundle of rights" associated with the property (*see Matter of Ross v Town of Santa Clara*, 266 AD2d 678, 681 [1999]; *see also Matter of Adirondack Mtn. Reserve v Board of Assessors of Town of N. Hudson*, 99 AD2d 600, 601 [1984], *affd* 64 NY2d 727 [1984]). To the contrary, Supreme Court's conclusion that the value of the property was reduced by the conservation easement finds support in the record, as both experts agreed that the conservation easement imposed severe restrictions upon development of the property, and that the restrictions altered its highest and best use on the valuation date. Unlike the cases cited by respondent, when the instant property became subject to the conservation easement, it was not already burdened by regulations or ordinances that severely restricted development.

In sum, we conclude that petitioner bore his burden of establishing overassessment by a preponderance of the evidence, and that Supreme Court's decision was not based upon an error of law or against the weight of the evidence (*see Matter of Gordon v Town of Esopus*, 12 AD3d 904, 906 [2004]; *Matter of City of Troy v Town of Pittstown*, 306 AD2d 718, 720 [2003], *supra*).

We have considered respondent's remaining arguments and find them to be meritless.

Crew III, Peters, Spain and Kane, JJ., concur. Ordered that the order and judgment are affirmed, without costs.