■ In the Matter of RICHARD E. GORDON et al., Respondents, v TOWN OF ESOPUS et al., Appellants. (And Two Other Related Proceedings.) [819 NYS2d 346]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered September 27, 2005 in Ulster County, which, inter alia, in three proceedings pursuant to RPTL article 7, granted petitioners' motion for partial summary judgment.

The Office of Real Property Services publishes an assessor's manual which contains classification and ownership codes for various types of property. Code 312 refers to "[r]esidential [l]and [i]ncluding a [s]mall [i]mprovement (not used for living accommodations)." Classification 912 is to be used for forest land partially exempt from tax under RPTL 480-a. In these three proceedings brought pursuant to RPTL article 7, petitioners assert that their property is, among other things, overvalued and not equally assessed with comparable properties. The property consists of approximately 108 acres with 2,200 feet of Hudson River frontage. It apparently is unimproved except for the presence of a quonset hut. The property apparently qualified for an exemption under RPTL 480-a as private forest land in 1978. The tax bills for the years in question (2002, 2003 and 2004), however, are ambiguous at best. In each year, the property was classified using code 312, but was also given a private forest exemption, although, for reasons which are not clear from this record, it is not the full 80% exemption called for in the statute.

For the express purpose of attempting to limit the proof at trial, petitioners moved for partial summary judgment to establish, as a matter of law, that the property should be valued as

forest land under RPTL 480-a, that the property should have a "912" assessment classification and that when valuing the property under the comparable sales approach, comparables should be limited to sales of tracts that are certified as exempt forest land under RPTL 480-a. Supreme Court granted petitioners' motion in all respects and respondents appeal.

Respondents first argue that Supreme Court erred when it ruled, as a matter of law, that petitioners' property is entitled to the 912 classification. Respondents assert that because the annual commitment to forest production form was signed only by petitioner Richard E. Gordon, the assessor properly classified the property under code 312. While the annual commitment form must be signed by all owners (*see Matter of Gould v Kerwick,* 87 AD2d 917, 919 [1982] [Levine, J., dissenting], *revd on dissenting mem below* 57 NY2d 1012 [1982]), the fallacy in respondents' argument is that petitioners, nevertheless, were granted the RPTL 480-a exemption. As only property which has been granted an RPTL 480-a exemption can be classified under 912, Supreme Court correctly determined this property is entitled to such classification. Said otherwise, the property cannot simultaneously be classified under code 312 and receive an RPTL 480-a exemption. Moreover, if the assessor determined the tax roll to be erroneous, he must comply with the provisions of RPTL 553 to correct the errors.

We do agree with respondents, however, that Supreme Court erred in determining, as a matter of law, that only other premises classified as 912 property may be used in the comparable sales methodology. The goal in tax assessment cases is to arrive at a fair market value. While "the comparable sales approach is generally the preferred method of valuation" (*Matter of Lia v Town of Niskayuna,* 300 AD2d 876, 877 [2002]), " '[a]ny fair and nondiscriminating method that will achieve that result is acceptable' " (*Matter of Saratoga Harness Racing v Williams,* 91 NY2d 639, 643 [1998], quoting *Matter of Allied Corp. v Town of Camillus,* 80 NY2d 351, 356 [1992]). Moreover, the law contemplates that comparable sales will have differences from the subject property (*see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack,* 92 NY2d 179, 189 [1998]). As the premises need not be identical, there is no authority for limiting comparable sales to other property designated as 912 premises. Moreover, whether any parcel qualifies for a private forest exemption is an issue distinct from the fair market value of that parcel.

Mercure, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by

reversing so much thereof as mandated that the subject property only be compared to other properties with a 912 classification, and, as so modified, affirmed.