[851 NYS2d 738]

In the Matter of RICHARD T. CORVETTI, Petitioner, and DIANE M. CORVETTI, Respondent-Appellant, v EDWARD WINCHELL, as Assessor of the Town of Lake Pleasant, Appellant-Respondent. (And Four Other Related Proceedings.)

Third Department, February 28, 2008

## APPEARANCES OF COUNSEL

*Judge & Duffy*, Glens Falls (*Monica A. Duffy* of counsel), for appellant-respondent.

*Mandel Clemente, P.C.*, Troy (*Linda A. Mandel Clemente* of counsel), for respondent-appellant.

## OPINION OF THE COURT

MERCURE, J.P.

Petitioners are the owners of a parcel of real property located on South Shore Road in the Town of Lake Pleasant, Hamilton County. They commenced these five proceedings against the Town's Assessor to challenge the tax assessments for the property during the years 2000, 2001, 2002, 2003 and 2006. Petitioners maintained that respondent assessed their lakefront property as entirely residential despite the fact that the majority of the property is either wetlands or forest lands committed under RPTL 480-a[1] and, thus, not currently available for residential use. Following the submission of the parties' appraisal reports, respondent moved for summary judgment striking petitioners' report for the years 2000 through 2003 and dismissing the five petitions. Petitioner Diane M. Corvetti (hereinafter petitioner) cross-moved for summary judgment declaring that the proper method to be used in assessing the property is that of current use and striking respondent's appraisals for the tax years 2000 through 2003. Supreme Court partially granted respondent's motion for summary judgment, dismissing the petition for tax year 2006 upon its finding that the petition was not served in a

---

1. Commitment of forest land under RPTL 480-a involves an annual declaration by the owner to the Department of Environmental Conservation that the land will be used for continuing forest crop production for the next 10 years under a management plan (*see* RPTL 480-a [1] [b]).

timely manner. The court denied the remainder of respondent's motion and, treating petitioner's cross motion as an application to serve an amended appraisal report for the tax years 2000 through 2003 (*see* 22 NYCRR 202.59 [h]), granted the motion. Respondent appeals and petitioner cross-appeals.[2] We now modify by denying petitioner's cross motion for summary judgment in its entirety.

Initially, we agree with petitioner that she met her burden of overcoming the presumption of validity carried by respondent's property valuation by presenting substantial evidence to the contrary (*see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 187-188 [1998]; *Matter of Eckerd Corp. v Semon*, 35 AD3d 931, 932 [2006]). "In the context of tax assessment cases, the 'substantial evidence' standard merely requires that [the] petitioner demonstrate the existence of a valid and credible dispute regarding valuation . . . [T]he weight to be given to either party's evidence is not a relevant consideration at this juncture" (*Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d at 188; *see Matter of New Cobleskill Assoc. v Assessors of Town of Cobleskill*, 280 AD2d 745, 747 [2001], *lv denied* 96 NY2d 715 [2001]). Substantial evidence rebutting the presumption of validity "will most often consist of a detailed, competent appraisal based on standard, accepted appraisal techniques and prepared by a qualified appraiser" (*Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes*, 92 NY2d 192, 196 [1998]; *see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d at 191; *Matter of Eckerd Corp. v Semon*, 35 AD3d at 933). Moreover, " 'there is no fixed method for determining . . . value [and] . . . [a]ny fair and nondiscriminating method that will achieve that result is acceptable' " (*Matter of New Cobleskill Assoc. v Assessors of Town of Cobleskill*, 280 AD2d at 747, quoting *Matter of Allied Corp. v Town of Camillus*, 80 NY2d 351, 356 [1992]).

Here, there is no dispute that petitioner's appraisal report was prepared by a qualified appraiser. The appraiser considered

---

2. The property at issue has been placed exclusively in petitioner's name and, thus, petitioner Richard T. Corvetti is not a party to these appeals. Furthermore, in her brief, petitioner has expressly abandoned her challenge to the dismissal of the petition challenging respondent's assessment for the year 2006. We also note that the history of prior litigation involving these parties— including this Court's finding that the Town had engaged in retaliatory and discriminatory conduct resulting in overassessment of the property—is detailed in *Matter of Corvetti v Board of Assessors of Town of Lake Pleasant* (210 AD2d 667 [1994], *lv denied* 85 NY2d 802 [1995]) and *Corvetti v Town of Lake Pleasant* (227 AD2d 821 [1996]).

the distinct, current uses of the property as defined by their natural boundaries—forest land largely committed under RPTL 480-a (45.04 acres), wetlands (3.40 acres) and land used solely for residential purposes (2.96 acres)—and then relied upon the sales comparison approach to value the separate portions of the property dedicated to each use. These values were added together to yield a total value for the property. In our view, this report, which relied upon an accepted methodology—i.e., the sales comparison approach—and set forth all calculations and necessary details regarding the properties used for comparison, was sufficient to rebut the presumption of validity (*see Matter of State of New York v Town of Hardenburgh*, 273 AD2d 769, 771-772 [2000]; *see also Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d at 190; *Matter of Eckerd Corp. v Semon*, 35 AD3d at 933).

Contrary to the conclusion of Supreme Court, there is no requirement that the parcel be valued as indivisible and dedicated to only one use, residential. " '[V]alue is to be determined on the basis of the condition of the subject property according to its state on the taxable status date, not on the basis of some use contemplated in the future' " (*Matter of Stonegate Family Holdings v Board of Assessors of Town of Long Lake*, 222 AD2d 997, 998 [1995], *lv denied* 92 NY2d 817 [1998] [citation omitted]; *accord Matter of PCK Dev. Co., LLC v Assessor of Town of Ulster*, 20 AD3d 660, 662 [2005], *lv denied* 6 NY3d 708 [2006]; *see Matter of Adirondack Mtn. Reserve v Board of Assessors of Town of N. Hudson*, 99 AD2d 600, 601 [1984], *affd* 64 NY2d 727 [1984]). While, in adherence to that rule, this Court has held that property rendered indivisible *by virtue of a conservation easement* must be valued accordingly (*see Matter of Gibson v Gleason*, 20 AD3d 623, 625-627 [2005], *lv denied* 5 NY3d 713 [2005]), the property at issue here is not under such a restriction. Moreover, petitioner's "failure to utilize [a specific] method of valuation merely [goes] to the weight of the evidence[,] which," as noted above, "is 'not a relevant consideration at this juncture' " (*Matter of New Cobleskill Assoc. v Assessors of Town of Cobleskill*, 280 AD2d at 747, quoting *Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d at 188; *see Matter of Eckerd Corp. v Semon*, 35 AD3d at 933). Accordingly, Supreme Court erred in concluding that petitioner's report did

not rebut the presumptive validity of respondent's tax assessments.[3]

Similarly, we reject petitioner's argument that she is entitled to summary judgment striking respondent's appraisals. Petitioner's assertion that respondent's appraiser failed to consider the wetlands and managed timberlands on the property is unsupported by the record. Indeed, respondent's appraisal reports indicated that the current use of the property is "[r]esidential, forest management and outdoor recreation," noted that the majority of the forest land is committed under RPTL 480-a, discussed limitations on uses of the property due to the presence of wetlands, and evaluated highest and best use—and, thus, ultimate market value—in terms of "the current or existing use as required for assessment valuation."

Nor is there any merit to petitioner's argument that comparable sales must be limited to other property committed under RPTL 480-a (*see Matter of Gordon v Town of Esopus*, 31 AD3d 981, 982 [2006]). While all factors affecting a property's marketability must be taken into account (*see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d at 189-190), "whether any parcel qualifies for a private forest exemption is an issue distinct from the fair market value of that parcel" (*Matter of Gordon v Town of Esopus*, 31 AD3d at 982). Similar to respondent's criticisms of petitioner's report, any failure by respondent's appraiser to adequately calculate the impact of the 10-year commitment of forest land under RPTL 480-a on the value of the whole property merely goes to the weight of the evidence to be assessed following trial (*see Matter of Eckerd Corp. v Semon*, 35 AD3d at 933; *Matter of New Cobleskill Assoc. v Assessors of Town of Cobleskill*, 280 AD2d at 747).

PETERS, SPAIN, LAHTINEN and MALONE JR., JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as treated petitioner Diane M. Corvetti's cross motion for summary judgment as an application to serve an amended appraisal report; cross motion denied in its entirety; and, as so modified, affirmed.

---

**3.** Inasmuch as we conclude that petitioner's appraisal was sufficient to rebut the presumption of validity, we need not consider respondent's argument that Supreme Court erred in sua sponte granting petitioner leave to file an amended appraisal under 22 NYCRR 202.59 (h). We note, however, that our conclusion that petitioner's report was sufficient renders any amended report superfluous.