■ In the Matter of RICHARD E. GORDON et al., Respondents, v TOWN OF ESOPUS et al., Appellants. (And Three Other Related Proceedings.) [873 NYS2d 368]—

Stein, J. Appeal from a judgment of the Supreme Court (O'Connor, J.), entered March 26, 2008 in Ulster County, which granted petitioners' applications, in four proceedings pursuant to RPTL article 7, to challenge the tax assessments on certain real property owned by petitioners.

Petitioners own approximately 108 acres of land in the Town of Esopus, Ulster County, which includes ponds, streams, 2,200 feet of Hudson River frontage and scenic views of the river. In 1978, the Department of Environmental Conservation (hereinafter DEC) certified 104 acres of the land as a tract of privately owned forest land eligible for a tax exemption pursuant to RPTL 480-a.[1] Respondent Assessor of the Town of Esopus approved petitioners' initial application for exemption. Thereafter, petitioners have annually filed with DEC a certified commitment to continue forest crop production in accordance with

---

1. The other four acres consist of a two-acre pond and another two acres upon which is situated a Quonset hut used for occasional living quarters—and serviced by electric, gas and telephone—a garage, a well and a septic system. As such, that portion of the property is undisputedly not forest land and does not qualify for an exemption under RPTL 480-a.

RPTL 480-a and, for approximately 25 years, the tract has continually been accorded an 80% exemption from taxation (see RPTL 480-a [4] [a]).

Petitioners commenced these four proceedings pursuant to RPTL article 7 to challenge the assessments of the parcel on the tax rolls for years 2002, 2003, 2004 and 2005, contending that such assessments were, among other things, unequal and excessive. Petitioners then moved for partial summary judgment pursuant to CPLR 3212 to establish, as a matter of law, that the property should be valued as forest land under RPTL 480-a, that the property should have a "912" assessment classification[2] and that, when valuing the property using the comparable sales approach, comparables should be limited to land that is certified as exempt forest land under RPTL 480-a. Supreme Court granted petitioners' motion in all respects and this Court affirmed the court's judgment in part, but reversed the finding that only other similarly classified properties could be used as comparables in valuing petitioners' land (31 AD3d 981 [2006]).

Following a nonjury trial, Supreme Court found that petitioners had established that their property was overvalued by respondents for the years in question. The court adopted the values calculated by petitioners' appraiser and directed respondents to issue refunds accordingly. Respondents now appeal.

We reverse. Initially, we note that " 'a property valuation by the tax assessor is presumptively valid' " (Matter of Eckerd Corp. v Semon, 35 AD3d 931, 932 [2006], quoting Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d 179, 187 [1998]; see Matter of Corvetti v Winchell, 51 AD3d 47, 49 [2008]; Matter of Gibson v Gleason, 20 AD3d 623, 625 [2005], lv denied 5 NY3d 713 [2005]; Matter of State of New York v Town of Hardenburgh, 273 AD2d 769, 771 [2000]). Only when a petitioner challenging the assessment comes forward with substantial evidence to the contrary does the presumption disappear (see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d at 187; Matter of Eckerd Corp. v Semon, 35 AD3d at 932). The petitioner must then demonstrate by a preponderance of the evidence that the subject property has been overvalued (see Matter of FMC Corp. [Peroxygen Chems.

2. This refers to the New York State Office of Real Property Services Assessor's Manual which sets forth property type classification and ownership codes. Code 912 includes property consisting of forest land entitled to an exemption pursuant to RPTL 480-a. Respondent Town of Esopus had previously classified the property on the tax assessment role as undeveloped residential vacant land under property code "312."

*Div.] v Unmack*, 92 NY2d at 188; *Matter of Eckerd Corp. v Semon*, 35 AD3d at 932; *Matter of City of Troy v Town of Pittstown*, 306 AD2d 718, 720 [2003], *lv denied* 1 NY3d 505 [2003]).

Here, Supreme Court correctly determined that petitioners, through their submitted appraisal, rebutted the presumption of validity that attached to the assessments (*see Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes*, 92 NY2d 192, 196 [1998]; *Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d at 188; *Matter of Corvetti v Winchell*, 51 AD3d at 49; *Matter of Eckerd Corp. v Semon*, 35 AD3d at 933; *Matter of Gibson v Gleason*, 20 AD3d at 625). However, upon our review of " 'the entire record, including evidence of claimed deficiencies in the assessment' " (*Matter of City of Troy v Town of Pittstown*, 306 AD2d at 720, quoting *Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d at 188), we find Supreme Court's determination that petitioners met their burden of proving overvaluation to be against the weight of the evidence (*see Matter of Eckerd Corp. v Semon*, 35 AD3d at 932).

Significantly, petitioners argued that their property should be appraised in comparison to similar tracts of managed forest land with exemptions under RPTL 480-a; therefore, their appraiser used as comparables only sales of properties with that designation. Accordingly, whereas all of the comparables used by respondents' appraiser were located in Ulster County near the subject property, had similar topography and views and were equally accessible to the Hudson River and the State Thruway, only two of petitioners' 17 "comparable" sales were located in Ulster County and none was located adjacent to the Hudson River. Moreover, petitioners' appraiser admitted to failing to adjust for the location of his comparables.

We note that "[t]he goal in tax assessment cases is to arrive at a fair market value" (31 AD3d at 982). "By its very definition, a comparable sale need not be identical to the subject property . . . [but] need only be sufficiently similar to serve as a guide to the market value of the [subject] complex, notwithstanding differences between these comparables and the [subject] property" (*Matter of Eckerd Corp. v Semon*, 35 AD3d at 933-934 [internal quotation marks and citations omitted]; *accord Matter of General Elec. Co. v Town of Salina*, 69 NY2d 730, 732 [1986]; *see* 31 AD3d at 982; *Matter of City of Troy v Town of Pittstown*, 306 AD2d at 721-722). Thus, notwithstanding our prior affirmance of that part of Supreme Court's judgment holding that the subject property should be valued as forest land, we also held that "whether any parcel qualifies for a private forest

exemption is an issue distinct from the fair market value of that parcel" (31 AD3d at 982), and expressly rejected petitioners' argument that only exempt properties could be used as comparables.[3]

By limiting the comparables used to properties with an RPTL 480-a exemption, petitioners' appraiser eliminated from consideration other properties in closer proximity to the subject property and with more similar physical characteristics (including several utilized by respondents' appraiser). Nor, in valuing the 108-acre parcel, did petitioners' appraiser make a distinction regarding the value of the portion of the property that is not managed forest land. We are also unpersuaded by petitioners' argument that, in enacting RPTL 480-a, the Legislature intended to both encourage a lower assessment of eligible properties and exempt 80% of the assessed value from taxation. To the contrary, after reviewing the legislative history and recognizing that exemptions from tax are to be narrowly construed (*see generally Matter of Aldrich v Murphy*, 42 AD2d 385, 388 [1973], *lv denied* 34 NY2d 516 [1974]), we conclude that petitioners' approach to valuation—which results in an appraised value that is substantially lower than the assessed value—would be inconsistent, generally, with the Legislature's intent to provide owners with an incentive for continuing forest crop production and, in particular, with the penalty provisions of RPTL 480-a (7).[4] Therefore, in our view, petitioners' appraisal was insufficient to demonstrate by a preponderance of the evidence that the property was overvalued (*see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d at 188), even when the deficiencies of respondents' appraisal are considered.

Peters, J.P. and Rose, J., concur.

Lahtinen, J. (dissenting). Our review of the record leads us to conclude that Supreme Court's determination that petitioners met their burden of proving overvaluation was supported by the weight of the evidence and, therefore, we respectfully dissent.

As Supreme Court correctly observed, the fundamental issue was whether to value the subject property on the basis of its current use—managed forest land—or as vacant land, which would allow the property to be valued at its highest and best

---

**3.** For example, property classified as code 910 includes nonexempt forest land.

**4.** As applicable here, this provision imposes a penalty for discontinuance of the use of the property as managed forest land, which is based on the amount of taxes that would have been levied but for the exemption for up to 10 years. Thus, by minimizing the value of the property, the amount of the penalty is correspondingly reduced.

use. Petitioners' appraisal valued the property as managed forest land and contained 17 comparable sales of managed forest land located throughout the Hudson River Valley corridor. Respondents' appraisal was based upon the highest and best use of the property as vacant land and contained five comparable sales of Ulster County building sites for high-end homes with river views. None of the five comparables was designated as managed forest land.

Supported by our earlier decision (31 AD3d 981 [2006]) affirming that the subject property is entitled to the managed forest land classification, Supreme Court credited the testimony of petitioners' appraiser, which established by a preponderance of the evidence his conclusion that the property's valuation was to be based upon its current use as managed forest land. For purposes of tax assessment, "[v]alue is determined by assessing the condition of the property according to its state on the taxable status date, without regard to future potentialities or possibilities, and may not be assessed on the basis of some use contemplated in the future" (*Matter of Adirondack Mtn. Reserve v Board of Assessors of Town of N. Hudson*, 99 AD2d 600, 601 [1984], *affd* 64 NY2d 727 [1984]). From our review of the record, we cannot conclude that Supreme Court based its decision on an erroneous legal theory, evidentiary ruling or by improperly weighing the evidence before it (*see Matter of General Elec. Co. v Assessor of Town of Rotterdam*, 54 AD3d 469, 472 [2008], *lv denied* 11 NY3d 711 [2008]; *Matter of City of Troy v Town of Pittstown*, 306 AD2d 718, 720 [2003], *lv denied* 1 NY3d 505 [2003]), and we would affirm the judgment.

Kavanagh, J., concurs. Ordered that the judgment is reversed, on the facts, without costs, and petitions dismissed.